128 So.2d 901 (1961)
Martha W. SCHATZ et al., Appellants,
v.
7-ELEVEN, INC. et al., Appellees.
No. C-213.
District Court of Appeal of Florida. First District.
April 11, 1961.
Rehearing Denied May 8, 1961.
*902 Raymond, Wilson & Karl, and Wesley A. Fink, Daytona Beach, for appellants.
Alfred A. Green, Alfred A. Green, Jr., and Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellees.
WIGGINTON, Chief Judge.
Plaintiff has appealed from a summary final judgment rendered in favor of defendant. It is contended that from the pleadings, answers to interrogatories, admissions contained in a pre-trial order, and affidavits before the court at the hearing upon the motion, there existed a genuine issue of the material fact relating to defendant's liability, and that the court erred in holding that defendant was entitled to judgment as a matter of law.
Plaintiff was a business invitee shopping in the drive-in food store controlled and operated by defendant. The building housing defendant's store was constructed in accordance with plans and specifications prepared and provided by it. Customers are invited to drive in and park motor vehicles on the paved area located in front of the building. A sidewalk ten feet wide and a curb 5 3/4 inches high separate the front of the building from the parking area furnished for the accommodations of defendant's motoring customers. Automobiles approaching the building park perpendicular to the curb. At the time alleged in the complaint an automobile operated by the third party defendant drove to a parking slot directly in front of the store and came to a stop at the curb at a point directly in front of the open and unobstructed entrance to the store building. When the operator of the vehicle later attempted to start her car and put it in operation, she negligently and carelessly caused it to be propelled forward over the curb and across the sidewalk into defendant's store striking plaintiff and pinning her against a fixture, inflicting upon her severe injuries.
It is the theory of plaintiff's action that defendant breached a duty owed plaintiff as a business invitee of its store in failing to either so regulate the parking of motor vehicles in front of the store in such manner that they would not be headed directly toward the interior of the store when in a parked position, or in the alternative, failing to provide an adequate curb, barrier, wall or other obstacle in front of the store adequate to prevent the entry therein of any motor vehicles parked at the curb in front of the building. It is alleged that as a result of the foregoing failures on the part of the defendant, it breached a duty owed plaintiff to maintain its premises in a reasonably safe condition for customers inside the store, which breach of duty was the proximate cause of the injuries suffered by plaintiff under the circumstances above related.
In opposition to defendant's motion for summary judgment plaintiff submitted an affidavit of the city engineer to the effect that the standard and ordinary sidewalk curbs in the area of defendant's business are constructed to a minimum of six inches *903 in height. The affidavit of another engineer averred that in his expert opinion the nature of appellee's business, when considered in conjunction with the architectural design of the store building, required that reasonable precaution be taken to protect customers shopping inside the store against the danger of automobiles crossing the sidewalk, entering the store and injuring those who may be shopping therein. He further deposed that reasonably safe construction and engineering standards would require that a barrier of not less than eight inches in height be constructed along the curb, separating the sidewalk from the parking area. He stated that in his opinion the height of the curb constructed in front of defendant's store failed to comply with reasonably safe construction and engineering standards in the area, and was not sufficient to impede the entry of a motor vehicle into the store building from the parking area.
The prime question for our consideration is whether, upon the undisputed facts above related, there existed a genuine issue of a material fact from which a jury could have lawfully found that defendant breached a duty owed plaintiff, which breach was the proximate cause of plaintiff's injuries.
Plaintiff was a business invitee on defendant's premises at the time of her injury. The law imposes on defendant the duty of exercising ordinary care to maintain his premises in a reasonably safe condition for the purpose for which they are adapted.[1] Defendant did not owe plaintiff a duty as insurer of her safety while on the premises in question, but is charged with the duty of guarding against subjecting plaintiff to dangers of which defendant is cognizant or might reasonably foresee.[2]
In the Pope case[3] this court discussed the law of proximate cause and the several tests to be applied in determining whether a given act is the proximate cause of damages sustained. It was there pointed out that the two essential elements of proximate cause are causation and the limitation to foreseeable consequence. Causation is that act which, in the natural and continuous sequence, unbroken by any intervening cause, produces the injury, and without which the result would not have occurred. Even though the person charged may be guilty of a negligent act, there can be no recovery for an injury resulting therefrom which was not a reasonable foreseeable consequence of his negligence. For the consequence of a negligent act to be foreseeable, it must be such that a person by prudent human foresight can anticipate will likely result from the act, because it happens so frequently from the commission of such an act that in the field of human experience it may be expected to happen again.
Applying the foregoing rules to the facts which were contained in the record before the trial court at the hearing on motion for summary judgment, the question of defendant's liability was one of law to be decided by the court, and presented no issue of fact eligible for jury consideration.
Can it be said from the facts in this case that defendant breached a duty owed plaintiff to maintain its premises in a reasonably safe condition when it permitted automobiles to park perpendicularly to the curb in front of the open unobstructed entrance to its store building. In the alternative, can it be said that defendant breached a duty owed plaintiff by failing to erect an eight inch barrier in front of the entrance to the store adequate to prevent a motor vehicle from proceeding forward over the sidewalk and into the store where customers may be present. Tested by the rules relating to proximate cause as outlined above, *904 we do not conceive that defendant breached a duty owed plaintiff in either of the particulars contended for by plaintiff.
We are unaware of any ordinance, statute or rule of law, and none has been cited by the parties to this appeal, which requires that the owner of a store erect a barrier between the entrance to his establishment and a street, highway or parking area, sufficient in height and strength to prevent motor vehicles negligently operated by others from entering the store where customers are usually present. There is no evidence in the record from which it could be reasonably inferred that the presence of a six or eight inch curb or barrier in front defendant's store, as contended by plaintiff, would have prevented the happening of the occurrence described in the complaint which proximately resulted in the injuries sustained by plaintiff.
Secondly, it cannot be contended with any degree of reason or logic that the owner of a store, by permitting automobiles to park perpendicularly to the curb in front of his entrance, or by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store. We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law.
Our research has revealed only one decision by another appellate court based upon facts similar in all material respects to the facts present in this case, and in which the exact questions of law were involved and decided.[4] In that case defendant operated a drive-in food store constructed with an open front entrance, the floor of which was level with the parking area separating the building from the street. No curb or barrier was erected between the building and the area where vehicles customarily parked perpendicular to the entrance. A customer parked a truck in front of the store while he entered in order to shop for merchandise, leaving the engine of his vehicle running. While in the store his truck lunged forward and crashed into the store pinning the plaintiff against fixtures located therein and inflicting on him serious bodily injury. Plaintiff sued the owner of the store on the theory that he breached a duty owed plaintiff by failing to construct a curb or barrier in front of the store entrance sufficient to have prevented the truck from entering therein and causing the damage alleged. On appeal from a judgment for plaintiff it was held that the owner of the store owed no duty to his business invitees to erect a barrier in front of the entrance of his store for the purpose of preventing motor vehicles from being negligently propelled into the store with the likelihood of injuring patrons shopping therein. It was further held that the likelihood of the truck in question being negligently permitted to run off the parking area and into the entrance of the store was not foreseeable by defendant as a matter of law, and that any negligence which might conceivably be imputed to defendant in failing to erect a barrier in front of his building would not have been the *905 proximate cause of the injuries suffered by plaintiff. The principles of law applied by the Court of Civil Appeals of Texas in the rendition of its decision in that case are the same rules relating to the law of proximate cause followed by the courts of this state.
We therefore hold that the evidence in the record before us affirmatively establishes no breach of duty owed by defendant to plaintiff, and the trial court was correct in holding that defendant was entitled to judgment as a matter of law. The summary final judgment appealed is accordingly affirmed.
Affirmed.
STURGIS, J., concurs.
CARROLL, DONALD K., J., dissents.
CARROLL, DONALD K., Judge (dissenting).
I feel compelled to dissent because of my view that the evidence as to liability, specifically on the question of the reasonable protection owed to business invitees, presents a question of fact which under our rules should be submitted to a jury rather than be disposed of as a matter of law by summary judgment. I would reverse that judgment and remand the cause for further proceedings.
NOTES
[1] Food Fair Stores of Florida v. Sommer, Fla.App. 1959, 111 So.2d 743.
[2] Walker v. Feltman, Fla.App. 1959, 111 So.2d 76.
[3] Pope v. Pinkerton-Hayes Lbr. Co., Fla. App. 1960, 120 So.2d 227.
[4] Watkins v. Davis, Tex.Civ.App. 1957, 308 S.W.2d 906.