341 So.2d 837 (1977)
Charlie THOMPSON, Appellant,
v.
WARD ENTERPRISES, D/B/a, Big W Supermarket and Florida Farm Bureau Insurance Company, Appellees.
No. 76-73.
District Court of Appeal of Florida, Third District.
January 25, 1977.
Rehearing Denied February 10, 1977.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stiegletz, Miami, for appellees.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
*838 PEARSON, Judge.
The plaintiff, a customer of a grocery store, alleged that the store owner/operator was negligent in failing to provide reasonably safe premises. The plaintiff appeals from a final judgment entered pursuant to a directed verdict for the defendants. The single point on appeal presents the question of whether the plaintiff proved a prima facie case. The question centers upon the duty involved. We reverse upon a holding that the defendant owed the plaintiff a duty to exercise sufficient care to maintain the store premises, including the parking area, in a reasonably safe condition for the use of the store's customers.
Trial testimony revealed the following: Ward Enterprises, doing business as Big W Supermarket, maintains and operates a food store located at 237 S.W. Sixth Avenue, Homestead, Florida. The store has been in operation since 1965. At the time of the plaintiff's injury, there was one entranceway to the store which faces southwest. This area was open and unprotected with no form of physical barrier separating customers from automobiles. The sidewalk was level with the asphalt of the road surface. There was no raised curb. There was a "No Parking" sign immediately in front of the entranceway and the owner of the store testified that most of the time the store would leave its truck parked at the entranceway. There were raised cement bumper stops on the sides of the building, but not in front of the building. On December 30, 1972, Charlie Thompson went to the store to purchase groceries. The store operated a grocery delivery truck for the benefit of its customers. Plaintiff exited the store and stood two or three feet from the front doors at the entranceway waiting for the defendant's delivery truck to pick up his groceries and deliver them to his home. Several minutes passed. An automobile which was parked perpendicular to the entranceway started forward and struck the plaintiff's grocery cart and drove the plaintiff back through the front door into the store, causing him injury. The automobile started forward without warning and traveled four or five feet before striking the cart and the building.
Thompson called Courtland Collier, Assistant Professor of Civil Engineering, University of Florida, as an expert witness. Professor Collier testified that he had conducted studies on barriers next to curbs in parking lots, traffic flow, and the design of parking lots. In relevant part, Professor Collier testified as to the following: (1) a physical description of the parking area, (2) the predictability of accidents occurring in areas where automobiles and pedestrians mix, (3) types of physical protection which could be made available to protect pedestrians in areas where automobiles and pedestrians mix, and (4) the amount of protection such devices would afford.
The burden on an appellant in an appeal from a final judgment entered upon a directed verdict is to show that there is a proper view of the evidence under which the jury could have found for the appellant. In making such a determination, all reasonable inferences will be drawn in favor of the party against whom the judgment was entered. See Air Travel Associates, Inc. v. Eastern Air Lines, Inc., 273 So.2d 3 (Fla.3d DCA 1973). Further, appellee contends that this case is governed by the holding in Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.1st DCA 1961). We hold that Schatz v. 7-Eleven, Inc., is not controlling in the present case because in that case the breach of duty claimed by the business invitee was that the store failed either so to regulate the parking of motor vehicles in front of the store in such a manner that they would not be headed directly toward the interior of the store when in a parked position or, in the alternative, to provide an adequate curb barrier or wall. It was held in that case that where an automobile started forward and injured the plaintiff, who was inside the establishment, and where the automobile was parked as permitted, facing in toward the store, that the occurrence fell within the category of unusual and extraordinary and was, therefore, unforeseeable in contemplation of the law. Since the rendition of the opinion in Schatz, the courts of *839 Florida have rendered several opinions holding that a jury question on foreseeability is presented under circumstances similar to the present case. See Johnson v. Hatoum, 239 So.2d 22 (Fla.4th DCA 1970).[1] See also Carter v. Parker, 183 So.2d 3 (Fla.2d DCA 1966); and 62 Am.Jur.2d Premises Liability § 123.
In the present case, there was no curb nor was the plaintiff afforded the protection of the building inasmuch as he was standing outside of the supermarket on the sidewalk waiting for defendant's delivery truck to pick up his groceries. This court has previously held that the duty of the operator of a store is to provide a reasonably safe method of ingress and egress to the premises. See Shields v. Food Fair Stores of Florida, 106 So.2d 90 (Fla.3d DCA 1958).
We, therefore, hold that the plaintiff presented a prima facie case, and that the defendant store owner/operator did have a duty to use reasonable care to provide a proper place for ingress and egress into the store.
Reversed and remanded.
NOTES
[1] See annotation at 45 A.L.R.3d 1428.