464 So.2d 1228 (1985)
FOOD FAIR, INC., d/b/a Pantry Pride Stores, Appellant,
v.
Augusta GOLD; Industrial Fire and Casualty Insurance Company and Justine Weiner, Appellees.
Nos. 83-1670, 83-2277.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Rehearing Denied March 27, 1985.
Ponzoli & Wassenberg and Steven R. Berger, Miami, for appellant.
Rentz & Rust, Miami, Daniels & Hicks and Patrice A. Talisman, Goodhart & Rosner, Jeanne Heyward, Miami, for appellees.
Before BARKDULL, HUBBART and JORGENSON, JJ.
BARKDULL, Judge.
This is an appeal from a final judgment entered in a personal injury action brought as a result of an injury sustained in the parking lot provided for patrons of the appellant.
Augusta Gold went to the Pantry Pride Store in Surfside, Florida. While she was shopping, a Mr. Hirshon pulled into the store parking lot and stopped his car waiting *1229 for someone to vacate a parking space so he could park his car. A Mrs. Weiner was leaving the store. She pulled her car up behind Mr. Hirshon but hesitated passing him on the left because of limited space. When Mr. Hirshon failed to move his car, after being requested to do so, an argument ensued between Mrs. Weiner (who had left her vehicle) and Mr. Hirshon. Mrs. Weiner had returned to her car when a Mr. Morris pulled up behind her and blew his horn. At this point, Mrs. Weiner started to pass Hirshon's vehicle on the left. She struck a parked car, her vehicle became airborne and struck Mrs. Gold, who by that time was loading groceries into her trunk, severely injuring her.[1] As a result, Mrs. Gold and her husband sued Food Fair, Inc., Mrs. Weiner, Mr. Hirshon and Mr. Morris. The allegation against Food Fair, Inc. was negligent design of the parking lot[2] and negligent failure of the store manager to intervene when he was aware of the altercation outside his store.[3] The cause proceeded to jury trial.
Food Fair's motions for directed verdict made at the conclusion of the plaintiff's case and at the conclusion of all the evidence were denied and the cause was sent to the jury. While the jury was deliberating, Mr. and Mrs. Gold settled their claim against Mrs. Weiner and her insurer. The jury returned its verdict in favor of the Golds. This appeal ensued.
The appellant has preserved several points for review, only one of which we find necessary to consider in reversing the final judgment; that is the failure to grant a directed verdict for Pantry Pride.
In Foley v. Hialeah Race Course, Inc., 53 So.2d 771 (Fla. 1951) the Supreme Court reviewed a judgment of dismissal holding that a complaint failed to state a cause of action. The complaint alleged that the defendant maintained a parking lot for its patrons; that the defendant "carelessly and negligently supervised, maintained and controlled the said ... parking area, in that there were an insufficient number of traffic attendants"; that the attendants were improperly stationed and were not performing their duties; and that there were "insufficient traffic warning devices and controls." As a direct result of the foregoing alleged negligent acts and omissions, the plaintiff claimed that he was in an automobile accident with another individual. The Supreme Court in disposing of the issue said:
"The judgment is correct. There is nothing inherently dangerous about a parking lot. No factual allegation is made to indicate a breach of duty which proximately contributed to plaintiff's injury. The allegations are too vague and general to state a cause of action. The proximate cause of plaintiff's injury was by no act of defendant. See, Rosen v. City of Miami, 141 Fla. 664, 193 So. 749; Williams v. Atlantic Coastline R. Co., 56 Fla. 735, 48 So. 209, 24 L.R.A., N.S. 134."
53 So.2d at 771.
Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961) was an appeal from a summary final judgment in favor of a defendant which owned a food store and adjacent parking area. The plaintiff was a *1230 business invitee shopping at the store. Customers were invited to drive in and park motor vehicles in the parking area in front of the store building. A sidewalk and curb separated the front of the building from the parking area. An individual operating an automobile drove into a parking stall directly in front of the store. When she later attempted to leave the parking stall, she negligently put her car in forward gear, jumped the curb and sidewalk, and struck the plaintiff, pinning her against a fixture and inflicting severe injuries upon her. The plaintiff claimed that the defendant store owner was negligent in failing to protect business invitees by properly regulating the parking in its lot or in failing to provide adequate curbs, barriers or walls at the front of the building. The plaintiff alleged that the defendant breached a duty to maintain its premises in a reasonably safe condition.
The First District Court of Appeal affirmed the summary judgment. The court recognized that the storeowner owed a duty to exercise ordinary care to maintain its premises in a reasonably safe condition. The court held, however, that the storeowner "did not owe plaintiff a duty as insurer of her safety while on the premises in question, but is charged with the duty of guarding against subjecting plaintiff to dangers of which defendant is cognizant or might reasonably foresee." 128 So.2d at 903. The court also said that negligence is not actionable without proof of reasonably foreseeable consequences. For consequences to be reasonably foreseeable, the court held that they "must be such that a person by prudent human foresight can anticipate what will likely result from the act, because it happened so frequently from the commission of such an act, that in the field of human experience it may be expected to happen again." Id.
The court rejected the notion that a storeowner could be liable for the manner in which it allowed parking in its parking lot. The court stated "the obvious fact" that some drivers lose control over their vehicles and cause damage or injury to others. 128 So.2d at 904. The court held that:
"In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. Why they happen, the consequences resulting therefrom are matters of chance and speculation. If, as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are, therefore, unforeseeable in contemplation of the law."
Id.
See Jones v. Dowdy, 443 So.2d 467 (Fla. 2nd DCA 1984); Stratioti v. Bick, 704 F.2d 1052 (8th Cir.1983); Mack v. McGrath, 150 N.W.2d 681 (Minn. 1967); Watkins v. Davis, 308 S.W.2d 906 (Tex.Civ.App. 1957).
The concepts of proximate causation and foreseeability have been applied in many cases in this state. In Wometco Theatres Corp. v. Rath, 123 So.2d 472 (Fla. 3d DCA 1960) this court reversed a judgment on jury verdict in favor of a patron who had been injured while in a movie theatre owned by the defendant. In that case, an usher suspected that a patron was a child molester. He relayed that suspicion to the manager of the theatre. The manager observed the patron whose actions, in fact, appeared to confirm the usher's suspicions. At that point, the manager asked the patron to step into the lobby to answer some questions. The patron lunged forward, the manager grabbed him by the arm and a struggle ensued. After the patron was subdued and was being accompanied up the aisle to the lobby, he suddenly broke away, brushing past the plaintiff and knocking her against a seat and onto the floor, causing injuries. In reversing the judgment in favor of the plaintiff, this court held that it could not reasonably be anticipated that the suspected child molester would react in *1231 the manner described and thereby injure the plaintiff. Pantry Pride herein had no reason to anticipate Mrs. Weiner's highly unusual behavior.
In Heps v. Burdine's, Inc., 69 So.2d 340 (Fla. 1954) a customer sustained injuries when another customer riding on an escalator pushed a baby stroller against her, causing her to fall. The plaintiff alleged that the escalator was not constructed to accommodate baby strollers and that the store negligently violated its duty to the injured patron by allowing other patrons to place strollers on escalators. A motion to dismiss was granted with prejudice and the Supreme Court affirmed. In so doing, the Supreme Court specifically held that the store was not negligent in failing to keep attendants by the escalator or in not posting signs forbidding such an alleged dangerous use. The allegations of that complaint regarding crowded conditions, unruly customers, failure to post warning signs and failure to provide attendants are similar to the theory of Mrs. Gold's case against Pantry Pride. The Supreme Court's decision contains the following language.
"For every wrong there is a remedy, is one of the first principles of Hornbook law that confronts the law student, but with it is the equally important principle that the remedy be sought against the negligent party. It may be that the person who stepped on the escalator with the stroller manipulated it negligently, but that question is not before us. The allegations of negligence go to the lack of attendants to restrict those using the elevator and to guard their conduct while being conveyed on it. We are not convinced that under the circumstances a case was made against defendant as to either charge."
69 So.2d at 341.
There was a "wrong" and a "negligent party" who caused injuries. That negligent party was not Pantry Pride. The Supreme Court further stated:
"[W]e have not reached the point that we impose a penalty on one in business for delicts, delicts resulting from the crude manners, rude conduct, and total disregard of the feelings of others exhibited by customers in his place of business. Courtesy and good manners are not yet ritualistic even if a more sensitive response to them would improve our cultural pattern. The mere fact that one is injured in a public place is not enough to fix responsibility for a cause of action."
69 So.2d at 342.
Therefore for the reasons stated above, the final judgment under review is reversed with directions to the trial court to enter a judgment in favor of Food Fair, Inc., d/b/a Pantry Pride Stores, defendant therein.[4]
Reversed and remanded with directions.
NOTES
[1] Gunning her car engine she accelerated rapidly. Upon impact, Mrs. Weiner continued the rapid acceleration of her vehicle, literally driving up and over the rear end of the parked vehicle, causing her vehicle to become airborne and land on the trunk area of the Gold vehicle.
[2] As to the alleged design deficiencies, the evidence was that the parking lot, at the time it was built, met the code of the municipality.
[3] The store manager, along with other employees, was in and about the area, cleaning it up in anticipation of a delivery. He was in and out of the store during the material times and was otherwise occupied with his duties. As soon as he heard yelling and horns honking, he turned and walked towards the situation to see if he could cool things down. As he started to walk in the direction of the vehicles, the accident took place. Even if there was a duty to attempt to prevent the altercation (which we do not find) the altercation had terminated. Mrs. Weiner had returned to her car and the store manager could not have foreseen that she would attempt to pass Mr. Hirshon's vehicle, when she knew she could not at such a high rate of speed.
[4] In view of this holding on the motion for directed verdict, the other points urged for reversal are moot.