473 So.2d 742 (1985)
WINN-DIXIE STORES, INC., Appellant,
v.
Kathleen CARN and Patricia Carn, Appellees.
No. 84-994.
District Court of Appeal of Florida, Fourth District.
June 19, 1985.
Rehearing and Rehearing Denied August 29, 1985
*743 Montalto & Blank, Miami, and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant.
Jeffrey Colbath, West Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied August 29, 1985
ANSTEAD, Chief Judge.
We reverse the judgment and hold that the trial court erred in failing to direct a verdict for appellant, Winn-Dixie Stores, Inc., on a claim for injuries sustained by appellees, Kathleen Carn and Patricia Carn, when an automobile left the public roadway and struck appellees on the public sidewalk in front of appellant's store.
In essence, appellees' theory of liability was that appellant should be held liable because the store's exit opened onto a public sidewalk which was adjacent to a busy street. In Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961), Chief Judge Wigginton summed up our view of the instant situation in an opinion which approved the entry of summary judgment for a store owner under similar circumstances:
We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law.
There is nothing about the facts of this case that distinguish it from the situation and holding in Schatz.
Accordingly, we reverse the judgment with directions that judgment be entered in favor of appellant.
HURLEY, J., and SALMON, MICHAEL H., Associate Judge, concur.