PER CURIAM.
Richard Circosta sued defendants/appel-lees Industrial Fire & Casualty Insurance Co., Brian Berkowitz, and Barnett Berkow-itz [Berkowitz] after Berkowitz’s car hit Circosta’s motorcycle in a parking lot owned by defendants/appellants Nu-West Development Corporation and Amterre Development, Inc. [Nu-West]. Nu-West settled with Circosta and sought contribution from Berkowitz. The trial court granted summary judgment in favor of Berkowitz, thus denying Nu-West’s claim for contribution. We reverse upon a holding that the allegations and evidence of Nu-West’s badly designed parking lot were sufficient as a matter of law to withstand the motion for summary judgment.
Berkowitz’s reliance upon Food Fair, Inc. v. Gold, 464 So.2d 1228 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla.1985), is misplaced. In Food Fair, we refused to hold liable the owner of a parking lot whose acts were not the proximate cause of the accident. We did not state that an owner of a parking lot is never liable for accidents which occur on its parking lot. See Jackson v. Pike, 87 So.2d 410 (Fla.1956) (owner of parking lot has a duty to use reasonable care to see that the premises are in reasonably safe condition for the intended use). If it can be shown that Nu-West breached a legal duty which proximately caused Circosta’s injuries, then Nu-West’s settlement with Circosta will not have been a volunteer payment and Nu-West will be entitled to contribution. See 18 Am.Jur.2d Contribution § 15 (1985).
Reversed and remanded.