533 So.2d 859 (1988)
David COHEN and Lynn Cohen, His Wife, Appellants,
v.
Inez SCHRIDER, Ariel Service Station, Inc., d/b/a Las Olas Chevron and the Southland Corp., D/B/a 7-11, a Foreign Corporation Licensed to Do Business in Florida, Appellees.
No. 87-2207.
District Court of Appeal of Florida, Fourth District.
October 26, 1988.
Rehearing Denied November 21, 1988.
*860 Kevin A. Malone of Krupnick, Campbell, Malone & Roselli, Fort Lauderdale, and John Beranek of Klein & Beranek, P.A., West Palm Beach, for appellants.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee-Southland Corp.
DAUKSCH, JAMES C., Jr., Associate Judge.
This is an appeal from a summary judgment in a personal injury case. We reverse.
The issue on appeal here, as in virtually all appeals from summary judgments, is whether there are any disputed issues of material fact. In personal injury cases it is rare that there is no dispute as to at least one material fact.
Here the issue centers around whether appellee, Southland, owed a duty to appellant, David Cohen, to prevent his injury. Under the facts of this case it is necessary for appellant to prove that the injury which appellant suffered was likely to occur, given the design and condition of the premises. More precisely stated: Was it reasonably foreseeable to the defendant-owner of the premises that a person in the plaintiff-invitee's position may be injured on account of the faulty design or condition of the premises?
Appellant was using the telephone located on the outside of a 7-11 store building. A car operated by Schrider struck and injured appellant. Appellant sued Southland, owner of the 7-11 store, alleging:
a) negligent design of the parking lot;
b) that the Defendant knew or reasonably should have known that vehicles parking were able to move onto the sidewalk and endanger the lives of the customers;
c) failure to install proper blocks which are a common design feature of commercial parking lots;
d) failure to warn patrons of the store of the dangerous condition of the parking lot.
Foreseeability is generally a question of fact for the jury. Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982). Unless it can be determined that no reasonable persons could differ in concluding that the accident was unforeseeable then a jury should decide the question; not the judge. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla. 1977).
Amongst the evidence presented by appellant to oppose the motion for summary judgment was the testimony of the Loss Prevention Manager for 7-11 who said approximately ten other accidents like this one had occurred in the three years before this one. Ten others, incidentally, occurred in the two years afterwards. 7-11 is looking for ways to prevent them, he said. They have had discussions to determine whether parking bumpers would help.
Based upon the evidence available for determination of the summary judgment we are bound to conclude that a jury question has been raised regarding whether it was reasonably foreseeable to Southland that a car would "lose its brakes," as here, and roll through the parking lot and onto the sidewalk in front of the store and strike a person.
We are aware of the decision in Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961), a twenty-seven-year-old case which is very similar. In Schatz, the court said "it cannot be contended with any degree of reason or logic that the owner of a store ... should have anticipated that automobiles will be negligently propelled" into their invitees. The passage of the twenty-seven years and the knowledge and experience of 7-11 as pointed out by its Loss Prevention Manager are two factors which make this case different from Schatz. The foreseeability issue is more clear here; it is certainly a question for the jury in this case.
We are also aware of our decision in Winn-Dixie v. Carn, 473 So.2d 742 (Fla. *861 4th DCA 1985), but can easily distinguish it from this case. In Winn-Dixie the plaintiffs were injured by a car which left the public roadway in front of the grocery store and struck appellee on the public sidewalk. Here the car was in the defendant's parking lot and drove onto its storefront walk area and struck appellant.
This case is more analogous to the Johnson v. Hatoum, 239 So.2d 22, 45 A.L.R.3d 1418 (Fla. 4th DCA 1970), where it was held by this court, speaking through Judge Walden, that "a classic jury question" was presented in a similar factual scenario. See also the cases cited in the A.L.R. Annotations to the Johnson case. See also Sosa v. Coleman, 646 F.2d 991 (5th Cir.1981); McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal, 627 S.W.2d 480 (Tex. App. 1981); Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla. 1984); Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980); Braden v. Florida Power & Light Co., 413 So.2d 1291 (Fla. 5th DCA 1982); Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA 1987); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied, City of Fort Pierce v. Crislip, 411 So.2d 380 (Fla. 1981).
The summary judgment is reversed and this cause remanded for trial.
REVERSED and REMANDED.
WALDEN, J., concurs.
LETTS, J., dissents without opinion.