545 So.2d 387 (1989)
Alejandro MOLINARES, Appellant,
v.
EL CENTRO GALLEGO, INC., Appellee.
Nos. 87-2148, 87-1757.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied July 21, 1989.
Horton, Perse & Ginsberg and Edward A. Perse and Arnold R. Ginsberg, Miami, Sadow, Lynne & Gonzalez, North Miami, for appellant.
Joe N. Unger, Kopplow & Fynn, Miami, for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Alejandro Molinares from an adverse final summary judgment in a premises liability negligence action. As he was preparing to enter the front entrance of the defendant El Centro Gallego, Inc.'s restaurant, the plaintiff was struck by a third-party motorist and received certain injuries after being pinned against the restaurant building; the motorist, who had parked her automobile directly in front of the restaurant, mistakenly propelled the automobile forward across the curbed sidewalk in front of the restaurant and struck the plaintiff. The plaintiff faults the defendant restaurant for failing to have parking stalls, markings, warning signs, bumpers, or guard rails in front of the restaurant.
We affirm the final summary judgment under review upon a holding that the defendant restaurant did not, as a matter of law, breach any duty of due care owed *388 to the plaintiff as a business invitee under the circumstances of this case. We reach this result because, in our view, a business establishment satisfies its duty to provide a safe ingress or egress for its business invitees when, as here, (a) it provides a protective sidewalk with a two-inch curb between its business entrance and the asphalt area where motor vehicles may be driven in front of the subject entrance, and (b) there are no prior motor vehicle accidents involving its customers in front of its business entrance despite the protective sidewalk. In the absence of such a history of accidents, the business establishment is not required, as urged, to place bumpers, guard rails, or warning signs along the sidewalk or to place marked parking stalls directly in front of the building. Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961); see also Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA), rev. denied, 511 So.2d 298, 300 (Fla. 1987); Winn-Dixie Stores, Inc. v. Carn, 473 So.2d 742 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986); Food Fair, Inc. v. Gold, 464 So.2d 1228 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla. 1985); Cabals v. Elkins, 368 So.2d 96 (Fla. 3d DCA 1979); Krispy Kreme Doughnut Co. v. Cornett, 312 So.2d 771 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 16 (Fla. 1976); Jones v. Dowdy, 443 So.2d 467 (Fla. 2d DCA 1984).
We recognize that the result we reach in this case would be different if the sidewalk in front of the defendant's restaurant had been level with or otherwise flowed into the asphalt of the road surface next to the sidewalk  as, in that event, there would be no protective curb to provide safe ingress and egress for the business invitees of the defendant's restaurant. Thompson v. Ward Enters., 341 So.2d 837 (Fla. 3d DCA), cert. denied, 351 So.2d 409 (Fla. 1977); Johnson v. Hatoum, 239 So.2d 22 (Fla. 4th DCA 1970), cert. dismissed, 244 So.2d 740 (Fla. 1971). We also recognize that our result would be different if there had been a prior history of motor vehicle accidents in front of the restaurant despite the protective sidewalk  as, in that event, the defendant would be on notice that its protective curb might be inadequate to protect its invitees from errant motorists. Cohen v. Schrider, 533 So.2d 859, 860 (Fla. 4th DCA 1988); see Gibson v. Avis Rent-A-Car Sys., 386 So.2d 520, 522-23 (Fla. 1980); Nance v. Winn-Dixie Stores, Inc., 436 So.2d 1075, 1076-77 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla. 1984); Homan v. County of Dade, 248 So.2d 235, 238 (Fla. 3d DCA 1971). We only conclude that much like most governmental entities which quite properly build curbed sidewalks along their streets without parallel barriers or bumpers to protect pedestrians from motorists driving in the street[1], a business establishment is similarly entitled to rely on the safety of a curbed sidewalk in front of its business to protect its invitees as they enter and exit the said business  at least in the absence of any prior history of motor vehicle accidents involving its invitees in front of its business notwithstanding the protective sidewalk.
Affirmed.
BARKDULL and HUBBART, JJ., concur.
BASKIN, Judge (dissenting).
As he entered El Centro Gallego Restaurant, Alejandro Molinares was struck by an automobile driven by another restaurant patron. The automobile had been parked in a paved area lacking parking stalls, markings, warning signs, bumpers, or guard rails. The parking area designated for the restaurant was located on the side of the building. The evidence indicates that as Molinares prepared to enter the restaurant, the car parked in front of the building accelerated forward, over the sidewalk, advanced to the front entrance of the *389 restaurant, and pinned Molinares against the building. Molinares sued the owner of the restaurant, El Centro Gallego, Inc., for damages to compensate him for the injuries he sustained. He alleged that El Centro Gallego, Inc., negligently failed to maintain the premises in a reasonably safe condition and failed to provide customers a safe method of ingress and egress. El Centro Gallego sought a summary judgment. Applying the decision in Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961), and deciding that the restaurant owner breached no duty to Molinares because the accident was not reasonably foreseeable, the trial court entered final summary judgment. The majority affirms; I would reverse.
An occupier of premises has a duty to guard against foreseeable harm by maintaining the premises in a reasonably safe condition. Earley v. Morrison Cafeteria Co., 61 So.2d 477 (Fla. 1953); Johnson v. Hatoum, 239 So.2d 22 (Fla. 4th DCA 1970), cert. dismissed, 244 So.2d 740 (Fla. 1971); Carter v. Parker, 183 So.2d 3 (Fla. 2d DCA 1966); Schatz. The duty extends to providing a reasonably safe method of egress and ingress for business invitees. Marhefka v. Monte Carlo Management Corp., 358 So.2d 1171 (Fla. 3d DCA 1978); Shields v. Food Fair Stores, 106 So.2d 90 (Fla. 3d DCA 1958), cert. denied, 109 So.2d 168 (Fla. 1959). In Schatz, the first district ruled that, as a matter of law, it was unforeseeable that an automobile parked in a marked stall would move forward, over a sidewalk and into a store, and injure a patron inside the store. The Schatz scenario is not present here. The automobile that struck Molinares was parked on a large, unmarked, paved area directly in front of the restaurant even though the marked stalls were on the side of the building. Molinares, unlike Schatz, was not inside the establishment at the time of his injury; he was in the process of entering the building when he was struck by the automobile. I am unable to say that, under these circumstances, such an accident was unforeseeable. Indeed, in other cases with similar facts, courts have held that the question of foreseeability is a matter for jury determination. Thompson v. Ward Enter., 341 So.2d 837 (Fla. 3d DCA), cert. denied, 351 So.2d 409 (Fla. 1977); see also, Cohen v. Schrider, 533 So.2d 859 (Fla. 4th DCA 1988); Johnson. I would therefore reverse the judgment and remand the cause to permit the jury to determine whether the accident was foreseeable and, thus, compensable.
NOTES
[1] We note that there was testimony below to the effect that many curbs leading from public roadways to public sidewalks range from eight to ten inches high; however, the fact that governmental entities might provide higher curbs than the two-inch one provided by the private business establishment herein makes no difference in our conclusion that the curb provided in this case satisfies any duty to protect pedestrian invitees where there is no history of other similar accidents at the location.