BLUE, Judge.
James and Lucy Hammond appeal from the trial court’s order granting summary judgment to the appellees, defendants below. They argue that a jury question was presented on the issue of foreseeability. We agree and reverse.
This case involves an accident at a Har-dee’s restaurant where a customer’s van jumped the curb and hit Mr. Hammond after he exited the restaurant. The Hammonds filed suit against the van driver and the appellees. The van driver is not a party to this appeal. The Hammonds alleged that the appellees breached their duty of care by failing to install bumper posts or other barriers between the front parking spaces and the front door and sidewalk. The appellees sought summary judgment, arguing that the accident was unforeseeable as a matter of law.
In support of their motion for summary judgment, the appellees submitted the deposition of Susan Werner, Hardee’s Director of Risk Management. She conducted a computer search of incident reports dating back to 1985 from 1,100 company-operated Har-dee’s restaurants. The records revealed no similar incidents where a person was injured by a motor vehicle jumping the curb, no similar incidents where property damage was caused by a motor vehicle jumping the curb, and no lawsuits filed against Hardee’s for such injuries or damage.
The Hammonds submitted an affidavit from a registered professional engineer who opined that the design and construction were defective because the van could mount the curb travelling only four miles per hour. The engineer concluded that the absence of adequate car stops constituted a defective design. A second affidavit identified forty-five locations, with pictures attached, of Polk County establishments that use vertical bumper posts.
There are numerous cases involving accidents where a business allegedly breached its duty of care by failing to install bumper posts or otherwise to protect pedestrians from motor vehicles.[1] These cases differ slightly, *1006 depending on whether the customer was inside or outside the business, whether similar accidents had occurred in the past, and what type of curbs, barriers or parking the business provided. Based on the majority of these cases, the appellees argue that the issue of foreseeability is determined by a business’ history with similar incidents. They argue that the absence of prior similar incidents at Hardee’s restaurants makes Mr. Hammond’s accident unforeseeable as a matter of law, thus entitling them to summary judgment. We have concluded, however, that the lack of similar incidents in the past is not dispositive on the threshold issue of foreseeability.
In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the supreme court examined the different ways that foreseeability relates to duty versus proximate causation.
The duty element of negligence focuses on whether the defendant’s conduct foresee-ably created a broader ‘zone of risk’ that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred.... [T]he former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open.
593 So.2d at 502 (citations and footnote omitted).
Based on our reading of McCain, we hold that the trial court erred by granting summary judgment on the threshold issue of foreseeability. Just as Florida Power had the ability to foresee the zone of risk that was created when people worked near or around electric lines, the appellees here had the ability to foresee the zone of risk created by the presence of both pedestrian and vehicular traffic. Just as Florida Power would be entitled to offer proof regarding intervening causes, precautions, lack of similar occurrences in the past, etc., so too the appellees here would be entitled to offer proof that this type of incident had never occurred. This evidence, however, is relevant to determine the fact-based element of whether there has been a breach of duty, not whether the duty existed in the first place.
We conclude that the supreme court’s decision in McCain requires that we reverse and remand. Even without McCain, however, we would be inclined to reverse. As a test of foreseeability, the appellees’ reliance on their own lack of experience with this type of accident is misplaced. As shown by the cases reaching the appellate courts, this type of accident is not without precedent. We believe there is a sufficient history of the type of accident alleged in this case to create a factual question as to whether the appellees knew or should have known of the risk, irrespective of their own experience.
We hold that the absence of similar accidents at Hardee’s company-operated restaurants does not make this accident unforeseeable as a matter of law. Instead, it presents a matter for the jury to consider. Accordingly, we reverse and remand for further proceedings.
DANAHY, A.C.J., and SCHOONOVER, J., concur.

. See, e.g., Grissett v. Circle K Corp. of Texas, 593 So.2d 291 (Fla. 2d DCA 1992) (reversing summary judgment for Circle K; although no evidence of prior incidents at that store, similar accidents had occurred at other Circle K stores); Molinares v, El Centro Gallego, Inc., 545 So.2d 387 (Fla. 3d DCA) (affirming summary judgment for restaurant based in part on lack of prior similar accidents), review denied, 557 So.2d 866 (Fla.1989); Cohen v. Schrider, 533 So.2d 859 (Fla. 4th DCA 1988) (reversing summary judgment for store which had past history of ten similar incidents); Winn-Dixie Stores, Inc. v. Carn, 473 So.2d 742 (Fla. 4th DCA 1985) (order *1006 ing directed verdict for Winn-Dixie in case arising from injury after auto left public roadway and struck plaintiff who was standing on public sidewalk in front of store), review denied, 484 So.2d 7 (Fla. 1986); Jones v. Dowdy, 443 So.2d 467 (Fla. 2d DCA 1984) (affirming summary judgment for store; customer inside when car crashed through front window); Cabals v. Elkins, 368 So.2d 96 (Fla. 3d DCA 1979) (affirming dismissal for failure to state a cause of action); Thompson v. Ward Enters., 341 So.2d 837 (Fla. 3d DCA) (reversing directed verdict for supermarket), cert. denied, 351 So.2d 409 (Fla.1977); Krispy Kreme Doughnut Co. v. Cornett, 312 So.2d 771 (Fla. 1st DCA 1975) (reversing judgment for plaintiff; parking lot met all building codes), cert. denied, 330 So.2d 16 (Fla.1976); Johnson v. Hatoum, 239 So.2d 22 (Fla. 4th DCA 1970) (reversing summaiy judgment for restaurant; plaintiff struck by car while waiting at outside walk-up counter), cert. dismissed, 244 So.2d 740 (Fla.1971); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961) (affirming summaiy judgment for 7-Eleven, holding that automobiles losing control is unforeseeable).