692 So.2d 164 (1997)
SPRINGTREE PROPERTIES, INC., etc., et al., Petitioners,
v.
James F. HAMMOND, Jr., et ux., Respondents.
No. 87684.
Supreme Court of Florida.
April 17, 1997.
*165 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for Petitioners.
Charles B. Draper of the Draper Law Office, Kissimmee, for Respondents.
KOGAN, Chief Justice.
We have for review Hammond v. Springtree Properties, Inc., 668 So.2d 1004 (Fla. 2d DCA 1996), which expressly and directly conflicts with the opinion in Molinares v. El Centro Gallego, Inc., 545 So.2d 387 (Fla. 3d DCA), review denied, 557 So.2d 866 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the district court's reversal of an order granting summary judgment but we do so for the reasons expressed herein.
This case arises from an accident in which the driver of a van approaching a Hardee's restaurant hit and injured a patron of the restaurant. The driver inadvertently stepped on her accelerator as she attempted to park in a head-in parking space located directly in front of the restaurant. The van ascended the curb and hit James F. Hammond Jr., who was exiting the restaurant.
Hammond sued the van driver;[1] Hardee's Food Systems, Inc., (Hardee's) the franchisor of the restaurant where the accident occurred and Springtree Properties, Inc., (Springtree) the franchisee.[2] Hammond alleged *166 that Hardee's and Springtree breached their duty of care by failing to maintain the premises in a reasonably safe condition. Specifically, Hammond maintained that Hardee's and Springtree failed to: (1) prohibit parking directly in front of the restaurant door; (2) provide an adequate barrier between the restaurant's front parking spaces and the front door; (3) install vertical bumper posts in front of the restaurant's front parking spaces; (4) install wheel stops in the restaurant's front parking spaces; (5) provide a reasonably safe entrance/exit; (6) remedy a foreseeably unsafe condition; and (7) provide signs to alert customers about the unsafe conditions.
Springtree and Hardee's filed a motion for summary judgment alleging that the accident was unforeseeable as a matter of law because there was no record evidence of prior, substantially similar incidents. To support the motion, Hardee's submitted the deposition of its corporate risk management director. She stated that neither corporate records nor her personal records revealed any substantially similar claims against any corporate-operated Hardee's. Her records did not include information about franchise facilities like the one involved in the instant case. The president of Springtree, however, attested to the fact that no prior, substantially similar incidents had ever occurred on the premises of this particular Hardee's.
In response to the motion for summary judgment, Hammond submitted an affidavit from a professional engineer who opined that the Hardee's and its front walkway, sidewalk, and parking lot were defectively designed and constructed. The affiant also stated that tests he performed demonstrated that a vehicle of the same make, year, and model as the van which jumped the curb in the present case could mount Hardee's five-inch curb travelling as little as four miles per hour. The affiant further opined that the failure to install and maintain bollards, also known as vertical bumper posts, in the front of the head-in parking spaces was the proximate cause of Hammond's injuries. A second affidavit submitted by Hammond identified forty-five commercial establishments located in Polk County that used vertical bumper posts in front of head-in parking spaces.
The trial court granted Hardee's and Springtree's motion for summary judgment. Hammond appealed, claiming that the trial judge erred in granting the motion because there were material disputes of fact on the issue of foreseeability that should have been presented to the jury. The district court reversed, holding that the trial court should not have granted summary judgment on the basis of the evidence showing that no similar accidents had occurred at Hardee's. Hammond, 668 So.2d at 1006. The court held that this evidence, while relevant to the issue of whether a breach of duty occurred, was not dispositive on the threshold issue of foreseeability as it relates to duty. Id. According to the district court, Hardee's, like the power company in McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), could foresee the zone of risk created by this particular situation and thus owed a duty to Hammond. Hammond, 668 So.2d at 1006. The existence of that duty, the district court opined, made summary judgment improper.
The district court reversed the summary judgment because it found that the trial court erroneously concluded that Hardee's did not have a duty to protect Hammond from the specific harm involved in this case. While we agree that granting summary judgment on this basis would be error, we do not believe that the trial court granted summary judgment based on the element of duty. Rather, we believe the trial court granted summary judgment because it determined that the accident was not as a matter of law a reasonably foreseeable consequence of Hardee's and Springtree's negligence. In other words, the court determined that no issue of material fact existed with regard to proximate cause.
While the trial court's order does not state a basis for the summary judgment, Springtree and Hardee's alleged in their motion for summary judgment that they could not be held liable because there was no record evidence of prior incidents that were substantially similar to the one that occurred here. *167 Without such incidents, Springtree and Hardee's contended that the instant accident was unforeseeable as a matter of law. Foreseeability in this context is relevant to proximate cause rather than duty. See McCain, 593 So.2d at 502-504.
The issue of foreseeability as it pertains to proximate cause may be decided as a matter of law, but only "`after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm.'" McCain, 593 So.2d at 504 (quoting Restatement (Second) of Torts, § 435(2)(1965)). In other words, the court should grant summary judgment on this issue only when it determines that no reasonable person could differ in concluding the accident was unforeseeable. Cohen v. Schrider, 533 So.2d 859, 860 (Fla. 4th DCA 1988). In cases where the evidence raises any issue of material fact, the evidence is conflicting, or the evidence permits differing reasonable inferences as to proximate cause, the question of foreseeability as it relates to proximate cause must be left to the finder of fact. McCain, 593 So.2d at 504.
Springtree and Hardee's maintain that the trial court properly determined that no jury issue existed here because a per se rule of unforeseeability exists in cases like the instant one. They contend that anything other than a per se rule would extend a business owner's duty beyond its intended limit. However, the majority of cases on which Springtree and Hardee's rely do not support such a rule. On the contrary, the majority of case law in this area establishes that the particular facts in each case will govern whether summary judgment is appropriate.
In Schatz v. 7-Eleven, Inc., 128 So.2d 901, 904 (Fla. 1st DCA 1961), the district court held that the accident therein was extraordinary and thus unforeseeable in contemplation of the law. That holding, however, was based on the particular facts in the case. In Schatz, a third party negligently propelled her vehicle over a curb, across a sidewalk, and into the defendant's store. 128 So.2d at 902. The vehicle struck and injured a business patron located inside the store. Id. Likewise, both Jones v. Dowdy, 443 So.2d 467 (Fla. 2d DCA 1984), and Krispy Kreme Doughnut Co. v. Cornett, 312 So.2d 771 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 16 (Fla.1976), involved injuries that occurred when a vehicle entered a store and injured a customer located therein. In Jones the court found that summary judgment was appropriately granted. 443 So.2d at 467. In Krispy Kreme, the court similarly held that the defendant store owner's motion for directed verdict should have been granted. 312 So.2d at 775.
Where the facts in these premises liability cases have differed only slightly the courts have rendered different results. In cases where an injury occurred outside the entrance or exit of a store or business, as was the case here, the courts have found summary judgment inappropriate. For example, in Grissett v. Circle K Corp., 593 So.2d 291, 293 (Fla. 2d DCA 1992), the district court specifically recognized that the fact that the accident occurred outside the store building distinguished the case from others such as Schatz and Jones in which summary judgment had been affirmed. See also Thompson v. Ward Enterprises, 341 So.2d 837, 838-39 (Fla. 3d DCA), cert. denied, 351 So.2d 409 (Fla.1977); Johnson v. Hatoum, 239 So.2d 22, 27 (Fla. 4th DCA 1970), cert. dismissed, 244 So.2d 740 (Fla.1971).
Other factors have also led the courts to reach diverging conclusions in these cases. In Cohen v. Schrider, 533 So.2d 859 (Fla. 4th DCA 1988), the district court reversed a summary judgment where a vehicle struck and injured the plaintiff who was using a telephone located outside the store. The court in Cohen distinguished this decision from its prior decision in Winn-Dixie Stores, Inc. v. Carn, 473 So.2d 742 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla.1986). Cohen, 533 So.2d at 860-61. In Winn-Dixie, the court found that the trial court erred in failing to direct a verdict for the defendant store owner where the plaintiff was injured by a car which left a public roadway and hit the plaintiff while he was standing on a public sidewalk. 473 So.2d at 743. The plaintiff in Cabals v. Elkins 368 So.2d 96 (Fla. 3d DCA 1979), was likewise injured by a vehicle that left a public roadway, and the court in *168 that case, consistent with Winn-Dixie, affirmed the trial court's order granting defendant store owner's motion to dismiss.
While the majority of case law does not support a per se rule of unforeseeability, there is a single case that seems to adhere to such a rule. Molinares v. El Centro Gallego, Inc., 545 So.2d 387 (Fla. 3d DCA), review denied, 557 So.2d 866 (Fla.1989), involved facts very similar to the instant case. In Molinares, the court concluded that, as a matter of law, the defendant did not breach any duty of care. Id. at 387-88. Specifically, the court held that, in its own view, the defendant business satisfied its duty where: (1) it provided a protective sidewalk with a two-inch curb; and (2) it demonstrated that there were no prior, similar accidents at that location. Id. at 388.
We disapprove Molinares to the extent it holds that where these two factors exist an accident like the one in the instant case is as a matter of law per se unforeseeable. As evidenced by the foregoing cases, a number of other factors may affect whether a summary judgment is appropriate in a particular case. Moreover, the fact that no prior, similar accidents occurred at the exact same location in Molinares was not determinative of whether summary judgment should have been granted. The absence of a history of similar accidents does not necessarily relieve a defendant business of a duty to erect bumpers, guardrails, or warning signs. The defendant business may have constructive knowledge of similar accidents at other similar locations. Constructive knowledge of these accidents may be sufficient to establish foreseeability. Cf. Stevens v. Jefferson, 436 So.2d 33 (Fla.1983).
Whether Springtree and Hardee's knew or should have known of the risk to Hammond was a question for the jury in this case. As in Grissett, the affidavits filed in opposition to the motion for summary judgment raised issues concerning whether Springtree and Hardee's knew or should have known of the unsafe condition. Hammond introduced an affidavit identifying forty-five local commercial establishments that used vertical bumper posts. Moreover, an expert opined that the failure to install and maintain bumper posts was the proximate cause of Hammond's injury.
Accordingly, we find that the record contains sufficient evidence to justify a reasonable person in believing that Springtree and Hardee's breached their duty and that the breach was the proximate cause of the injury Hammond suffered. The trial court thus erred in granting Hardee's and Springtree's motion for summary judgment. The issue of foreseeability should have been left to the jury. We therefore approve the district court's decision and we remand for proceedings consistent with this opinion. We disapprove Molinares to the extent that it conflicts with this opinion.
It is so ordered.
SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] The van driver is not a party to this appeal.
[2] All references to Springtree in this case refer to Springtree Ltd., Phase I, which owned the property on which the Hardee's sat; Springtree Properties, Inc., which leased that same property from its general partner Springtree Ltd., Phase I; and Thomas C. Floyd and Joseph M. Nolen, the sole directors and officers of Springtree Properties, Inc. Floyd and Nolan had a franchise/license agreement with Hardee's.