901 So.2d 293 (2005)
Isabelle KIMBALL, Appellant,
v.
PUBLIX SUPER MARKETS, INC., Appellee.
No. 2D03-5489.
District Court of Appeal of Florida, Second District.
April 29, 2005.
*294 Roy D. Wasson and Annabel C. Majewski of Wasson & Associates, Miami; and James D. Dreyer, Jr., of Dreyer & Dreyer, Sarasota, for Appellant.
*295 Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellee.
STRINGER, Judge.
Isabelle Kimball seeks review of the order granting final summary judgment in favor of the defendant, Publix Super Markets, in a personal injury action. Because relevant discovery was still pending, the trial court erred in granting summary judgment. Further, the trial court erred in denying Kimball's motion to amend her complaint to add a claim for spoliation of evidence. Accordingly, we reverse the order granting final summary judgment and remand for further proceedings. We also reverse the trial court's denial of Kimball's motion to amend.
Kimball was injured while shopping in a Publix Super Market when a motorized cart, operated by an unidentified shopper, struck Kimball's cart, which then knocked Kimball to the ground. Kimball filed a complaint alleging negligence by Publix and by the unidentified shopper. The unidentified shopper's name and contact information were obtained by Publix employees at the time of the accident but were lost shortly thereafter. Named as a "Jane Doe" defendant in the complaint, the shopper was never identified or served and was voluntarily dismissed as a party. Publix filed a motion for summary judgment.
A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). "Unless the facts of a case have been developed sufficiently to enable the trial court to determine that no issues of fact exist, summary judgment must not be entered." Villages at Mango Key Homeowners Ass'n, Inc. v. Hunter Dev., Inc., 699 So.2d 337, 338 (Fla. 5th DCA 1997). Thus, it is reversible error to enter summary judgment when relevant discovery is pending. Colby v. Ellis, 562 So.2d 356 (Fla. 2d DCA 1990); Abbate v. Publix Super Mkts., Inc., 632 So.2d 1141 (Fla. 4th DCA 1994) (reversing summary judgment in personal injury action when interrogatory requesting names and contact information of employees working at time of incident had not been answered and trial court had ordered Publix to answer).
In this case, Kimball served Publix with interrogatories, including a request that Publix provide a list of other incidents involving injuries to Publix shoppers resulting from collisions with motorized shopping carts. Publix objected to the interrogatory, and the trial court later granted Kimball's motion to compel Publix to provide the requested list of any such incidents in the past five years. However, before Publix complied with the discovery order, the trial court granted summary judgment in favor of Publix. This award of summary judgment was premature.
The list of prior incidents that the trial court ordered Publix to produce pertains to a relevant issue of material fact in Kimball's negligence action against Publix. Specifically, the list could create a genuine issue of material fact regarding whether Publix had actual or constructive knowledge of prior similar incidents at other similar locations, which may be sufficient to establish foreseeability for purposes of proximate causation. See Springtree Props., Inc. v. Hammond, 692 So.2d 164, 167 (Fla.1997). The issue of foreseeability as it pertains to proximate cause is an issue of fact for the jury unless "it appears to the court highly extraordinary that [the conduct] should have brought about the harm." Id. at 167; McCain v. Fla. Power Corp., 593 So.2d 500 (Fla.1992). No such finding was made in this case.
*296 For the purposes of ruling on Publix's motion for summary judgment, the trial court assumed that other people have been injured when struck by motorized shopping carts. The trial court then concluded, "I just don't see how there could be any liability merely because there's an accident or that in 750 stores, each one with four electric-powered carts, that that would equate to liability on the part of Publix." This conclusion ignores case law which states that prior similar incidents at other similar locations are relevant to the issue of foreseeability as it pertains to proximate cause. Springtree Props., 692 So.2d at 167. Thus, because discovery regarding a material issue of fact was still pending, it was reversible error to grant final summary judgment in favor of Publix. We reverse the trial court's order and remand for further proceedings.
Kimball also argues that the trial court erred by denying her motion to amend the complaint to add a count for spoliation of evidence. Leave to amend shall be freely given when justice so requires, and a request to grant a motion to amend is especially compelling when made prior to or at a hearing on a motion for summary judgment. Fla. R. Civ. P. 1.190(a); Bookworks, Inc. v. Capital C Corp., 529 So.2d 1246 (Fla. 3d DCA 1988); Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137, 141 (Fla. 3d DCA 1977). Refusal to allow an amendment is an abuse of the trial court's discretion "unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So.2d 1218, 1219 (Fla. 5th DCA 1998).
Kimball's request to amend was made in writing on the day of the summary judgment hearing and a month prior to the trial date. There was no showing that Publix would suffer prejudice if the motion to amend were granted or that Kimball had abused her privilege to amend. Publix argues, however, that amendment would have been futile because the spoliation cause of action sought against Publix is not recognized by the Second District.
Though Publix is correct in stating that this court will not recognize a claim for spoliation when the alleged spoliator and the defendant in the underlying cause of action are the same, see Jost v. Lakeland Reg'l Med. Ctr., Inc., 844 So.2d 656 (Fla. 2d DCA 2003), review dismissed, 888 So.2d 622 (Fla.2004), Kimball's motion to amend seeks to add a claim in which Publix has impaired Kimball's ability to bring a claim against the unidentified shopper, not Publix. Thus, the alleged spoliator and the defendant in the underlying action are not the same, and we cannot say that amendment would be futile.
While we do not express an opinion on the merits of Kimball's claim for spoliation against the third party, we hold that it was an abuse of discretion to deny Kimball leave to amend by failing to rule on her motion prior to granting summary judgment. See Skilled Servs. Corp. v. Reliance Ins. Co., 763 So.2d 1092, 1094 (Fla. 4th DCA 1999) (stating failure to rule on motion to amend prior to summary judgment is tantamount to denying motion). In summary, we reverse the order granting summary judgment and remand for further proceedings, at which time Kimball shall be given the opportunity to amend her complaint to add a claim for spoliation.
Reversed and remanded with directions.
NORTHCUTT and SILBERMAN, JJ., Concur.