NORTHCUTT, Judge.
Almond Entertainment, Inc., and its officers, who are also guarantors on Almond’s note, appeal a final summary judgment in favor of Bayview Loan Servicing, LLC. They argue that summary judgment was premature because discovery was ongoing. We agree and reverse.
Bayview Loan filed a commercial foreclosure action against Almond and the guarantors, and it subsequently filed a motion for summary judgment. Almond filed a motion to compel the deposition of Bay-view Loan’s corporate representative. The motion alleged that, despite its efforts, Almond had been unable to secure dates for the deposition. Prior to the taking of the deposition, the circuit court granted final summary judgment in favor of Bay-view Loan.
In Brandauer v. Publix Super Markets, Inc., 657 So.2d 932, 933 (Fla. 2d DCA 1995), this court advised against entering summary judgment when the opposing party has not completed discovery. Here, Almond informed the circuit court of the outstanding discovery in its memorandum in opposition to summary judgment. Almond argued that the deposition pertained to a question central to the validity of the suit, namely whether Bayview Loan was the owner of the note and mortgage on the date it filed suit. See Country Place Cmty. Ass’n, Inc. v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (noting that party lacks standing to file foreclosure action if it does not own or possess note and mortgage when it files suit); see also Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281, 1285 (Fla. 2d DCA 2005) (stating that party’s standing is determined at time suit is filed and cannot be acquired after the fact).
Almond has shown a good faith basis for questioning this point, and we conclude that the circuit court erred by granting summary judgment when the facts of the case had not been sufficiently developed. See Kimball v. Publix Super Markets, Inc., 901 So.2d 293, 295 (Fla. 2d DCA 2005). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
ALTENBERND, J„ and RAIDEN, MICHAEL E., ASSOCIATE JUDGE, Concur.