PEARSON, Associate Justice.
This is an Appeal by the plaintiff from a Summary Final Decree for defendant. The facts are not particularly in conflict. The sole point presented to this Court for consideration is whether or not the Trial Judge ruled correctly that there was no controversial issue of fact on which the case could be submitted to a Jury in consideration of the pleadings and affidavits before the Court.
The plaintiff was a customer in a SuperMarket owned and operated by the defendant corporation. While reaching for ice-cream stored in a deep-freeze unit, cans and jars allegedly struck him on the back of the head in falling from the shelf which is above and is a part of the deep-freeze unit. Plaintiff, in his original complaint in the Trial Court, alleged “he struck his head on the aforesaid overhanging shelf, shaking loose the jars and cans placed atop the shelf. The said jars and cans struck plaintiff, Myron M. Navison, on his head, which together with the blow he received from hitting the shelf, caused divers inju-’ ries * * * ”,
Defendant moved to dismiss this original Complaint in that it affirmatively appeared that the plaintiff was not injured as a result of any act on the part of the defendant but that the accident occurred as a result of plaintiff’s own negligent act. No Order is reflected on this Motion but thereafter plaintiff filed a series of amended complaints ending with the amended complaint before this Court to which the Defendant answered. This last amended com *533 plaint alleges “as the plaintiff was in the act of reaching for said ice-cream, the cans of chocolate sirup, planter’s peanuts and maraschino cherries fell from the top of said freezer as a direct and proximate result of the defendant’s negligence in storing the said cans and jars on the top of said freezer, which, by reason of its design as aforesaid, was not a proper and safe place for the said storage and placing of said cans, and/or in arranging said cans and jars on the top of said freezer, and struck the head of the Plaintiff in the rear portion thereof, resulting and causing in the said Myron M. Navison a severe, brain concussion * * *
Defendant-Appellee in its answer denied negligence and pleaded contributory negligence of the plaintiff; thereafter filing its Motion for Summary Judgment, attaching six affidavits, four from Physicians practicing medicine who saw or treated plaintiff, one from an Investigator for the Store who attaches to his affidavit a statement allegedly made by the plaintiff’s wife, and a sixth affidavit from the Manager of the defendant Super-Market. Each of these affidavits reflect that plaintiff stated that he struck his head on the shelf causing the cans displayed thereon to fall, striking him on his head. Plaintiff, in opposition to the Motion for Summary Judgment, filed three affidavits, one from the plaintiff, one from a person who was allegedly employed by the Store at the time of the accident, and the third from the plaintiff’s wife. These opposition affidavits in effect state that it is physically impossible for one standing outside the freezer to strike his head in the manner that plaintiff had allegedly stated he did on earlier occasions.
This Court has repeatedly stated that Summary Judgment should only be granted where no material issue of fact is presented’tó the Trial Court. The Court cannot weigh the facts or reach conclusions; coricerning'them because by so doing it would be depriving a litigant of a Jury trial which he has requested. Summary Judgment can only be granted where the facts are so crystallized that nothing remains but a question of law.; see Yost v. Miami Transit Company, Fla., 66 So.2d 214, Carter v. Livesay Window Co., Fla., 73 So.2d 411.
We consider it as settled that in passing upon a Motion for Summary Judgment requiring an evaluation of facts neither the Court below nor this Court is permitted to pass upon the credibility of the witnesses or the comparative weight of the evidence where, as in this case, a Jury trial has been demanded. Williams v. Board of Public Instruction of Flagler County, Fla., 61 So.2d 493.
Affidavits submitted by the plaintiff-appellant, in opposition to the Motion for Summary Judgment, are inartfully presented. In plaintiff’s affidavit he states “it was impossible for him standing outside the freezer to strike his head in the rear of the freezer”. In plaintiff’s wife’s affidavit she states “it would be physically impossible for anyone standing outside the freezer to strike his head on the shelf in the rear of the freezer”. The third affidavit states “the freezer is a self service type freezer so constructed that it would be physically impossible for a man standing outside the freezer, reaching in, to strike his head on top of the freezer”.
Although these affidavits are not clear and concise, there is no question in our minds as to the intent of the Affiants. We are of the Opinion that there is an issue on a material fact that justifies a full trial on the merits, therefore, Judgment appealed from must be and is hereby reversed to proceed as directed. i
TERRELL, C. J., and HOBSON and THORNAL, JJ., concur.