DEKLE, HAL P., Associate Judge.
This is an unusual and very interesting negligence case in which the plaintiff (Appellant) was working as a waitress in a restaurant when defendant’s truck delivering propane gas to the restaurant outside, caught fire from an alleged break in the hose. Thereafter it resulted in an explosion which “was a terrific noise; it scared the life out of everybody” including the plaintiff in the restaurant who was startled by it, ran and collided with another employee also frightened by the explosion and who “was darting out” from the kitchen into the service area where plaintiff was working. The two collided; plaintiff was knocked down and injured.
It is noted at the outset that plaintiff’s injury was not from the direct force of the explosion but because of the fright from it. The question is one of proximate cause as a matter of law, defendant’s negligence being conceded for purposes of its motion for summary judgment which the trial court granted.
This is not an effort to recover for fright itself which has been held not to be compensable unless there is direct physical impact or trauma connected with it or where the only direct injury is mental or emotional with physical symptoms merely derivative therefrom. Crane v. Loffin, Fla.1954, 70 So.2d 574; Clark v. Choctawhatchee Electric Co-op., Fla.1958, 107 So.2d 609, 611.
The main thrust of defendant’s argument is an unreasonable voluntary exposure to an obvious hazard by the plaintiff who at the time of the fire itself went outside and moved her automobile from the vicinity of the truck, then returned to the building and resumed her duties and thereafter experienced the explosion.
*60 The final summary judgment cites no particular grounds for lack of a genuine issue of a material fact. It would be very helpful to the reviewing court if such judgments delineated the grounds, for on occasion it has been necessary to remand the case for this purpose. Kovens v. Bluestone, Fla.App.3, 1961, 132 So.2d 341. Defendant, however, advised in its brief that the motion for summary judgment below was argued solely on the issue of lack of a proximate causal connection and that it was conceded arguendo that the defendant had been negligent. Defendant relies upon the contention that as a matter of law the acts of the plaintiff herself were the sole proximate cause of the injuries or “an efficient intervening cause sufficient to relegate the antecedent acts of defendant to those of remote causative factors” and states that this was the basis for the lower court’s ruling. This is an unusual approach to the independent intervening efficient cause factor of proximate causation which usually deals with an outside or third party’s intervening act or negligence from another source. The negligence of a defendant or plaintiff are the already existing basic participating causes alleged and are dealt with under the respective contentions of defendant’s negligence and of plaintiff’s contributory negligence or assumption of risk.
Defendant then refers to its position as being occasionally stated by the courts in terms of “foreseeability” by defendant which seems to be a more logical point of approach. It cites Cone v. Inter County Tel. & Tel. Co., Fla.1949, 40 So.2d 148. Perceiving that the plaintiff there “without inducement, excuse, or legal justification” might approach a threatening gasoline fire from a gasoline truck overturned on the highway is rather different from the natural, ordinary action of an employee pursuing her duties in a nearby restaurant, after assurance by her- employer that the building was safe and who therefore had reasonable “inducement and legal justification” in pursuing her assigned task. This was protection, not "exposure.”' There was no suggestion or warning to-plaintiff of an explosion occurring and therefore hardly a voluntary exposure “to. a known and obvious 'danger” referred to. in Cone. She was not running from the-fire but from the explosion.
From defendant’s viewpoint of foreseeability, (and it is to the defendant, not the plaintiff, that the term applies) a resulting explosion after a fire from propane gas-certainly seems within the realm of an ordinary, natural and direct result which could reasonably be expected to occur. Defendant knew a restaurant was in operation at the very location where it was-delivering its gas and that people were there and might well take flight upon an' explosion. The lapse of “five or ten-minutes” between the fire and explosion is-not such an interval as to eliminate as a matter of law the cause or relation of the two as a natural and immediate consequence without which it would not have occurred and certainly not a remote one as defendant contends. Dunn Bus Service v. McKinley, 130 Fla. 778, 178 So. 865.
“Where a person has been put in sudden peril by the negligent act of another, and, in an instinctive effort to escape from that peril, either suffers injury himself, or does injury to a third person, the negligent act is the proximate cause of the injury, and it is immaterial that under different circumstances he might and ought to have-seen and avoided the latter danger. The intervening attempt to escape does not supersede the negligent act as the proximate cause of the injury, since it is prompted or set in motion by the negligent act.” (Emphasis supplied.) 38 Am.Jur. Negligence, Sec. 77 (p. 736).
“ ‘The view is that once it is determined that a defendant zvas negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and *61 directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences.’ ” . Railway Express Agency, Inc. v. Brabham, Fla.1953, 62 So.2d 713, 718.
Plaintiff may well have been subject to defendant’s argument of an unreasonable voluntary exposure to danger if her injury had occurred when she earlier went near the fire to move her car but her retreat to the safety of a “fireproof” building removed her from this contention. The lapse of some ten minutes between removal of the car and return to the building to work gave her further assurance of her safety at that time.
Defendant is really arguing contributory negligence or assumed risk which are for a jury. Negligent causation is peculiarly for a jury’s determination when conflicting reasonable inferences may be drawn from the admitted facts. Weber v. Porco, Fla.1958, 100 So.2d 146
Summary judgment is accordingly reversed for the cause to proceed to trial on the issues.
ALLEN, C. J., and LILES, J., concur.