PER CURIAM.
Defendants have appealed a final judgment based upon a jury verdict rendered in favor of plaintiff and assessing her damages in the sum of $50,000.00.
This is a trip-and-fall case which occurred while plaintiff was shopping in the supermarket owned and operated by appellant, Publix Supermarkets, Inc. Plaintiff was proceeding down an aisle searching for light bulbs which she intended to purchase. As she walked forward pushing her half-full cart before her, she tripped over an object in the aisle, causing her to fall and from which she received her injuries. She testified that as she walked forward, she noticed a row of large bags containing a product merchandised as “kitty litter” stacked on the floor of the aisle. After falling, she noticed that instead of one, there were two rows of bags and it was apparently over the first bag in the second row located in the aisle that she stumbled and fell. Immediately prior to her fall she had passed the stock manager of the store working in the aisle, who, although he did not see, did hear her fall to the floor. Another employee of appellant-Publix told plaintiff that he had been stacking the bags of kitty litter in the aisle for a long time but had never thought about anyone stumbling over them. The stock manager later told an insurance investigator that he not only saw the bags of kitty litter on the floor prior to plaintiffs fall, but had discussed with the store manager what to do with that particular product.
The foregoing facts are those established by the evidence construed in a light most favorable to the jury’s verdict, although much of that evidence was disputed by the testimony and evidence adduced by defendants.
By their first and fourth points on appeal, appellants urge that the trial court committed error in denying their motion for a directed verdict on the ground there was not sufficient competent evidence to *389 support a verdict in favor of plaintiff. From the facts recited above, such contention must be rejected. This court has -adhered to the well-established principle of law that it is not the province of an appellate court to substitute its judgment for that of*the trier of facts when the credibility of the witnesses and the weight to be given the testimony and evidence lie peculiarly within the province of the jury.[1]
The evidence, if believed, was sufficient to justify a finding that defendant was negligent in stacking bags of kitty litter in the aisle two rows deep in such manner as to constitute a hazard to shoppers walking in the aisle pushing shopping carts ahead of them. Normally, the eyes and attention of such shoppers are directed to displays of merchandise, among which they hope to locate those products which they desire to purchase, and not to the floor on which they are walking. The jury could reasonably have concluded that the bag over which plaintiff tripped and fell was intentionally placed on the floor of the aisle by defendant’s stock manager or his .subordinates, and its location was well known to them at all times pertinent to this decision. We do not perceive how it can be insisted that the evidence was totally lacking in proof of some material element necessary to establish the cause of action sued upon, and, therefore, the trial court did not err in denying appellants’ motion for a directed verdict.
By their second point on appeal, appellants contend that the trial court erred in denying their requested instruction designed to charge the jury on the law concerning the duty owed by the proprietor of a public place toward invitees on his premises and the duty imposed on such invitees to protect themselves against dangers which may be encountered. The trial court rejected appellants’ requested instruction and instead charged the jury in accordance with Standard Jury Instruction 4.1 defining negligence and Instruction 3.5(f) regarding the landowner’s duty toward an invitee. It is our view that the law of the case was adequately and properly covered by the instructions given by the court, and no error in refusing appellants’ requested instruction has been made to appear.
We have carefully considered the remaining points on appeal urged by appellants for reversal, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, C. J., and WIGGINTON and JOHNSON, JJ., concur.

. Winn-Dixie Stoves, Inc. v. Garland (Fla.App.1971), 254 So.2d 44.