DANIEL S. PEARSON, Judge.
Directing a verdict for the defendant, Winn-Dixie Stores, Inc., the trial judge declared that a dangerous condition would be created only if the glass bottles of Pine-Sol (a slippery liquid cleanser) were displayed on the defendant’s grocery store shelves so that more than fifty per cent of the three-to-four-inch base of the bottles overlapped the edges of the shelves. Under this restrictive view of “dangerous condition,” only store customers caught in an avalanche of Pine-Sol bottles falling to the floor as a result of imbalance and gravity could possibly recover for injuries. Since Mrs. Frison was admittedly not the victim of freely falling bottles, but instead, while reaching for a less accessible, smaller bottle of Pine-Sol, she apparently dislodged the larger bottles which were stacked so as to protrude an inch beyond the edges of the shelves, she was denied recovery by the trial court.
Winn-Dixie’s argument, here and below, that the bottles could not fall down by themselves is hardly a basis for a finding that, as a matter of law, the store was not negligent, even if the plaintiff herself was negligent. See Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). Whether Winn-Dixie was negligent in shelving the glass bottles so that they precariously protruded an inch beyond the edges of the shelves is most assuredly a jury question. Accordingly, we reverse the final judgment entered upon the directed verdict in favor of Winn-Dixie Stores, Inc. and remand the cause for a new trial.
Reversed and remanded.