483 So.2d 65 (1986)
Reinaldo VALDES, Appellant,
v.
FABY ENTERPRISES, INC. d/b/a American Supermarket, Appellee.
Nos. 84-2343, 84-2656.
District Court of Appeal of Florida, Third District.
February 4, 1986.
Rehearing Denied March 3, 1986.
Richard Doherty, Cooper, Wolfe & Bolotin and Marc Cooper, Miami, for appellant.
Richard A. Sherman and Rosemary Wilder, Fort Lauderdale, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Valdes appeals a final judgment in favor of Faby Enterprises, Inc. (Faby) in a negligence action. We reverse.
On September 13, 1983, Valdes entered Faby's grocery store. He went to the refrigerated beer cooler and opened it. As he did so, some boxes of beer stacked on top of the cooler fell. Valdes was struck by the boxes, knocked into a wine display and injured.
The jury returned a verdict of $260,000 finding Faby 30% negligent and Valdes 70% comparatively negligent. The trial court granted judgment in favor of Faby on its motion for directed verdict and denied Valdes' motion for directed verdict on the issue of comparative negligence.
The judgment in favor of Faby is reversed. Whether Faby was negligent in stacking the cases of beer at the height and in the manner and location in which it did was a question for the jury. See Frison v. Winn-Dixie Stores, Inc., 407 So.2d 389 (Fla.3d DCA 1981) (directed verdict for defendant reversed on ground that question of whether the manner of shelving glass bottles constitutes negligence is for the jury to decide). See also Navison v. Winn & Lovett Tampa, Inc., 92 So.2d 531 (Fla. 1957); Publix Supermarkets, Inc. v. Banks, 287 So.2d 388 (Fla. 1st DCA 1973).
The refusal to direct a verdict for Valdes on the comparative negligence issue was also error because there was no evidence of any negligent conduct on his part and, therefore, the issue should not have been submitted to the jury. Borenstein v. Raskin, 401 So.2d 884 (Fla.3d DCA 1981). Accordingly, the cause is reversed with directions *66 to enter judgment for Valdes for the full amount of damages.
Reversed.