555 So.2d 382 (1989)
Michael WOLPERT, Appellant,
v.
WASHINGTON SQUARE OFFICE CENTER, a Florida Partnership and Miami Elevator Company, a Florida Corporation, Appellee.
No. 89-167.
District Court of Appeal of Florida, Third District.
November 7, 1989.
*383 Courtney & Webb, Daniels and Hicks and Patrice A. Talisman, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for Washington Square Office Center.
Lanza, O'Connor, Armstrong, Sinclair & Tunstall, Coral Gables and Catherine B. Parks, Miami, for Miami Elevator Co.
Before BASKIN, FERGUSON and COPE, JJ.
FERGUSON, Judge.
During presentation of the plaintiff's case at trial, the evidence showed that an automatic elevator, owned and maintained by the defendants, had a momentary interruption of normal operation then dropped, unexplainedly, three floors coming to an abrupt stop approximately two feet below the first-floor level. There was also testimony that the sudden stop caused the plaintiff injuries which were not immediately realized, or caused a delayed aggravation of a preexisting osteoarthritic condition. Relying on a res ipsa loquitur theory the plaintiff rested his case. The trial court entered a directed verdict for the defendants reasoning that the plaintiff failed to produce any evidence of negligence on the part of the defendants. We reverse.
On similar facts we held, in Ferguson v. Westinghouse Elec. Corp., 408 So.2d 659, 660 (Fla. 3d DCA), rev. denied, 418 So.2d 1281 (Fla. 1982), that the doctrine of res ipsa loquitur was particularly applicable in elevator cab cases. See also Restatement (Second) of Torts § 328 D comment c at 158 (1968) (there are events such as the fall of an elevator "where the conclusion is at least permissible that such things do not usually happen unless someone has been negligent. To such events res ipsa loquitur may apply."); W. Prosser, W. Keeton Torts § 39 (5th ed. 1984)(res ipsa finds common application in the case of falling elevators).
The trial court was incorrect in ruling that the plaintiff failed to present any evidence of the defendants' negligence. Res ipsa is a type of circumstantial evidence from which a jury may reasonably infer negligence based on the mere occurrence of the event. It allows the plaintiff to rest his case on circumstantial evidence. As an evidentiary tool, res ipsa relieves a tort plaintiff, in limited circumstances, of the burden to prove the defendant's negligence by direct evidence. It is explained as follows:
There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.
W. Prosser, W. Keeton, supra at 244 (quoting Scott v. London & St. Katherine Docks Co., (1865) 3 H. & C. 596, 159 Eng. Rep. 665). It cannot be said, as a matter of law, that the plaintiff failed to produce any evidence from which the jury could infer *384 that the plaintiff's injury was caused by the negligence of the defendants.
Reversed and remanded for a new trial.