LEHAN, Judge.
We reverse the summary judgment entered for defendants in this suit for personal injuries suffered by plaintiff tenant at the hands of an intruder at the apartment complex in which plaintiff leased an apartment. Defendants are the landlords and the managing agent of the complex. The injuries are alleged to have been from a rape of plaintiff which was allegedly the proximate result of, among other things, inadequate locks provided on plaintiffs apartment in violation of, among other things, the statutory obligation of a landlord under section 83.51(2)(a), Florida Statutes (1985), to “make reasonable provisions for ... locks_”
Defendants do not contend that no cause of action has been stated. In support of the summary judgment defendants rely upon a document which plaintiff had executed entitled “Apartment Security Ac-knowledgement and Release.” That document includes a provision that “I hereby release ... [the landlord] from any claim whatsoever with respect to any personal injury ... which is in any way related either to my reliance on any of the ... [door locks] mentioned above or to any defect, malfunction, or inadequacy concerning any of them.”
On the other hand, plaintiff contends that the foregoing provision in that document is rendered unenforceable by section 83.47 which provides in part,
Prohibited provisions in rental agreements.
(1) A provision in a rental agreement is void and unenforceable to the extent that it:
(a) Purports to waive or preclude the rights, remedies, or requirements set forth in this part.
(b) Purports to limit or preclude any liability of the landlord to the tenant or of the tenant to the landlord, arising under law.
In opposition to that contention of plaintiff, defendants rely upon section 83.-51(2)(a) which contains the following provision:
Unless otherwise agreed in writing ... the landlord ... shall ... make reasonable provisions for:
[[Image here]]
2. Locks and keys.
3. The ... safe condition of common areas.
Defendants’ argument is that the “unless otherwise agreed" language of section 83.-51(2)(a) permits an agreement between a landlord and a tenant, like that represented by the Apartment Security Acknowledgement and Release, to dispense with the landlord’s statutory duty to make reasonable provisions for locks. The thrust of that argument seems to be that section 83.51(2)(a) permits an exception to section 83.47 in the sense that when the duty to make reasonable provisions for locks is dispensed with by such an agreement, there can be no liability of the landlord for not making reasonable provisions for locks from which section 83.47 would prohibit a release.
However, as plaintiff argues and as we conclude, even assuming that section 83.-51(2)(a) permits a landlord-tenant agreement relieving the landlord of that duty, the Apartment Security Acknowledgement and Release document in this case does not do so but actually indicates that the landlord will make reasonable provisions for locks on the tenant's apartment. Aside from the language in the above-quoted provision in that document which indicates that the tenant may have relied upon the locks, the document, in another provision, contains an agreement by the tenant to inspect the locks to assure that they are “in good working order.” Thus, it does not appear that the duty of the landlord in this case to make reasonable provisions for locks was dispensed with.
*678 Other provisions of the Apartment Security Acknowledgement and Release also do not appear to dispense with that duty of the landlord. These include a provision which expresses the tenant’s understanding that the landlord will not check the locks after the tenant moves into the apartment and a provision saying that the landlord does not guarantee the tenant’s personal security or the effectiveness of the locks. These provisions seem to mean that, regardless of a duty of the landlord to make reasonable provisions for locks, there is no reliance by the tenant upon the landlord’s fulfillment of that duty and, therefore, it is argued, there can be no liability of the landlord to the tenant for a breach thereof. The meaning seems to be, in other words, that, regardless of such a duty of the landlord, there is a duty of the tenant which, it is argued, would preclude liability of the landlord. Provisions to that effect are prohibited by section 83.47 and, for the reason explained above, are not excepted from section 83.47 by section 83.51(2)(a).
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and PARKER, J., concur.