614 So.2d 1142 (1993)
Edna Jane HARRELL and Roy Harrell, her husband, Appellants,
v.
BEALL'S DEPARTMENT STORE, INC., a Florida corporation, Appellee.
No. 92-02204.
District Court of Appeal of Florida, Second District.
February 12, 1993.
Rehearing Denied March 24, 1993.
George L. Harrell, II of George L. Harrell, II, P.A., Fort Myers, and Gary A. Robinson, Bonita Springs, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
FRANK, Judge.
This appeal arises from an action filed by Edna Jane Harrell and her husband, Roy Harrell, for injuries allegedly sustained by Edna while a customer in Beall's Department Store, Inc. After thorough consideration of this matter, we have determined that the trial court erred in directing a verdict for Beall's. Hence, we reverse and remand for a new trial.
Edna, age 69, entered Beall's and stopped at a counter to look at earrings displayed on a vertical rack. According to her version of the event, she attempted to turn the display, but upon touching it, it toppled from the glass counter and knocked her to the floor. She complained of pain in her lower back and left knee and entered the hospital. Her treating physician testified that as a result of the fall, Edna sustained a 20% disability to her left knee. Prior to the episode at Beall's, however, Edna had surgically received a prosthetic knee to remedy a severe arthritic condition.
The Harrells filed a claim against Beall's for its alleged failure "to properly mount the earring display rack on its merchandise sales counter ... [and] to inspect the ... rack and its connection to the merchandise counter... ." At trial, Eugene McDowell, a former Beall's employee and its witness, testified that he saw Edna fall. He specifically recalled observing Edna "reaching for the earring spindle and I couldn't tell if she was either leaning on the table or whether she pulled the earring spindle toward her which caused it to slide off the table." There were no other eyewitnesses. McDowell's testimony contradicted Edna's. She insisted that her mere touch caused the rack to collapse and fall from the counter, striking her on the back and knocking her to the floor.
*1143 At the conclusion of all the testimony, the trial court rejected the Harrells' request for a res ipsa loquitur instruction and granted Beall's motion for a directed verdict. We are persuaded that the trial court did not err in declining to instruct the jury as requested by the Harrells. The Harrells' evidence did not disclose that the dislocation of the display occurred solely due to negligence for which Beall's would be responsible. See Marrero v. Goldsmith, 486 So.2d 530 (Fla. 1986); Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). Indeed, it cannot be said from the evidence before us "that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of" Beall's. Marrero, 486 So.2d at 531. There is circumstantial evidence indicating that Edna may have caused the rack to fall. Given the nature of the event, we find no basis warranting application of the doctrine of res ipsa loquitur.
We are no less convinced, however, that the Harrells presented a prima facie case for determination by the jury. Although McDowell speculated that Edna had to have "lean[ed] on the table or pull[ed] the fixture toward her" to upset it, his testimony did not conclusively refute Edna's version of the accident. Thus, the resolution of whether the display was improperly mounted, unstable, or otherwise capable of causing injury for any reason attributable to Beall's, was a function which should have remained with the jury.
Accordingly, we reverse and remand this matter for a new trial.
RYDER, A.C.J., and PARKER, J., concur.