PER CURIAM.
We reverse the final judgment entered in favor of the appellees, Parkside of Fountain-bleau Condominium Association, Inc., and Guarantee Management Services, Inc., based upon our finding that the trial court erred in giving the jury an incorrect jury instruction and verdict form.
Phillips owned a condominium unit in a complex which was owned and managed by Parkside. Guarantee was hired by Parkside to provide security services at the complex. After Phillips was assaulted by a mugger in the Parkside condominium parking lot, she brought suit against Parkside and Guarantee, alleging that they were jointly and severally liable for negligently failing to provide adequate security.
At trial, Phillips requested that the jury be instructed as to the duties owed, jointly and severally, by each defendant. However, the trial court refused the appellants’ requested jury instruction and verdict form, and, in essence, instructed the jury that the appellants had to prove that both appellees were guilty of negligence in order for the appellants to prevail. This erroneous instruction resulted in eliminating the jury’s ability to make separate and distinct findings of liability regarding each of the two separate defendants.
A party is entitled to have the jury instructed on the law applicable to their theo *1102 ry of the ease, where that theory is supported by competent evidence. Luster v. Moore, 78 So.2d 87 (Fla.1955); Hammond v. Jim Hinton Oil Co., Inc., 530 So.2d 995 (Fla. 1st DCA 1988); Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240 (Fla. 1st DCA 1985). A review of the record reveals that there was competent evidence supporting Phillips’ theory of the separate duties owed by each defendant. Accordingly, it was error for the trial court to require Phillips to prove joint negligence. See Simmons v. Roorda, 601 So.2d 609 (Fla. 2d DCA 1992); L.K. v. Water’s Edge Ass’n, 532 So.2d 1097 (Fla. 3d DCA 1988).
Reversed.