647 So.2d 1068 (1994)
Vivian BERMAN, Appellant,
v.
WEBERMAN CATERERS, INC. a Florida Corporation, Appellee.
No. 93-2616.
District Court of Appeal of Florida, Third District.
December 28, 1994.
Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Kelley & Thompson and James C. Kelley, Miami, for appellee.
Before BARKDULL, GERSTEN and GREEN, JJ.
PER CURIAM.
Appellant seeks review of an adverse summary judgment. Berman attended a party at a banquet facility operated by Weberman. While dancing, Berman's high heel shoe became caught in a hole in the dance floor. The dance floor surface was made of parquet wood and one strip of wood was missing from one of the parquet squares. Berman brought suit against Weberman alleging that Weberman had a duty to maintain the premises; that Berman had tripped and fallen because of the dangerous condition of the dance floor; and, that Weberman knew or should have known of the dangerous condition of the dance floor. During discovery Weberman admitted that from time to time it had to replace some of the parquet squares on the dance floor. The trial court entered summary judgment for the defendant. We reverse.
An owner or possessor of land owes a business invitee two duties: 1. to warn of concealed dangers of which the owner or possessor is or, through the exercise of due care, should be aware of but which an invitee can not uncover through the use of due care, and 2. to maintain the premises in a reasonably safe condition. See and compare Levy v. Home Depot, 518 So.2d 941 (Fla. 3d DCA 1988). In light of Weberman's admission that from time to time it had to replace parquet squares on the dance floor we hold that there was a genuine issue of material fact as to whether Weberman provided a facility which was reasonably safe for its intended purposes. See and compare Kitsopoulos v. Mathers Bridge Restaurant, Inc., 627 So.2d 68 (Fla. 5th DCA 1993).
Summary judgment reversed.
Reversed.