SHEVIN, Judge.
Willie Hudge appeals a final summary judgment in favor of Defendant, Xtra Super Food Centers, Inc. [“Xtra”]. We reverse.
Hudge was delivering merchandise to an Xtra store. He was directed to place his merchandise in an area where there were large, heavy, plywood boards leaning against the wall. The boards were not secured in any fashion. While carrying out his duties, Hudge was struck on the head by a board four feet by eight feet in size, and approximately one-half inch thick. Nothing in the record explains how or why the board fell. The trial court granted Xtra’s motion for summary judgment.
Xtra owed Hudge a duty to keep the premises in a reasonably safe condition. Gutierrez v. Dade County School Bd., 604 So.2d 852 (Fla. 3d DCA 1992), review denied, 618 So.2d 208 (Fla.1993). Xtra’s conduct in stacking the unsecured boards created a foreseeable zone of risk to persons working in the area. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). The record demonstrates that genuine issues of material fact remain unresolved regarding whether Xtra exercised reasonable care in storing the board that injured Hudge. Whether Xtra was negligent is a question for the jury. Valdes v. Faby Enter., Inc., 483 So.2d 65 (Fla. 3d DCA), review dismissed, 491 So.2d 278 (Fla.1986); Frison v. Winn-Dixie Stores, Inc., 407 So.2d 389 (Fla. 3d DCA 1981).
We find that Xtra did not meet its “burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues or the possibility of their existence is reflected in the record, or the record even raises the slightest doubt in this respect, the summary judgment must be reversed.” Mejiah v. Rodriguez, 342 So.2d 1066, 1067-68 (Fla. 3d DCA 1977) (emphasis added); Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla.1977); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Accordingly, we reverse the order under review.
Reversed and remanded.