696 So.2d 933 (1997)
Lisa KLAUE and Randy Klaue, Appellants,
v.
GALENCARE, INC., d/b/a Brandon Hospital, Appellee.
No. 96-02532.
District Court of Appeal of Florida, Second District.
July 9, 1997.
Timothy G. Anderson and Leslie Longshore of Timothy G. Anderson, P.A., Tampa, for Appellants.
Kelly K. Griffin and Andrea Hairelson of Gunn, Ogden & Sullivan, P.A., Tampa, for Appellee.
LAZZARA, Judge.
The appellants, Lisa Klaue and Randy Klaue, seek review of the summary final judgment rendered in favor of the appellee, Galencare, Inc., d/b/a Brandon Hospital, in a negligence action. Because we conclude that the appellee as the moving party has failed to sustain its onerous burden of demonstrating conclusively that the appellants cannot prevail on their negligence claims as a matter of *934 law, we reverse and remand for further proceedings. See, e.g., Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977).
The appellants sued the appellee in a two-count complaint. In count one they alleged that Mrs. Klaue was lawfully on the appellee's hospital business premises as an invitee in connection with her employment with another company which required her to copy the appellee's records. The appellants claimed that the appellee negligently allowed a dangerous condition to exist on its premises and described this condition as "file folders, which were made available for [Mrs. Klaue] to photocopy and that were negligently stacked and arranged on a hard shelf." They further alleged that as a result of the appellee's negligence, files fell from the shelf striking Mrs. Klaue and causing her to sustain various personal injuries which were permanent or continuing in nature. Finally, in count two, the appellants claimed that as a consequence of the appellee's negligence, Mr. Klaue suffered a loss of consortium.
The appellee filed a motion for summary judgment based solely on the deposition testimony of Mrs. Klaue. It asserted that there was no evidence that it failed to use ordinary care to keep its premises in a reasonably safe condition, nor was there any evidence that the dangerous condition alleged was in fact unreasonably hazardous or dangerous. The appellee also claimed that there was no evidence establishing that the condition alleged occurred with such regularity that its recurrence was foreseeable.
Mrs. Klaue's deposition testimony established the following unrefuted material facts. Mrs. Klaue had been employed for approximately four months by an independent company which provided copying services to the appellee at its business premises. It was her responsibility to retrieve medical files from shelves in the appellee's medical records department and to provide them to another employee of her company for duplication. The appellee had an established policy, however, that only its own employees could reshelve and organize the files. On the day of the incident which precipitated this lawsuit, Mrs. Klaue was in the process of retrieving a file located on a shelf above her eye level. When she pulled the file down another file, which unbeknownst to her had been "shoved" backwards inside the file she was retrieving, fell out and struck her on the forehead. According to Mrs. Klaue, this event surprised and startled her causing her to lose her balance, fall against a wall, and then to the floor. As a consequence of her fall, Mrs. Klaue claimed that she injured her lower back and left hip.
Mrs. Klaue also testified that prior to this incident she had never experienced any problem pulling a file from the shelves. Her testimony revealed, however, that the file that struck her was not placed on the shelf in the usual manner she had previously come to expect when retrieving files she needed. As Mrs. Klaue explained in response to a question from the appellee's attorney designed to elicit from her the nature of the negligently maintained condition in the appellee's records department: "[t]hat thethat it was usually just a single row of charts facing towardstowards you, but for some reason there were charts turned backwards on the backside that shouldn't have been there, and they had shoved them into the files that were in the front so that when I grabbed what I wanted or needed, thethe rest of them came down." (Emphasis added.)
In its order granting summary judgment, the trial court found "as a matter of law that a file folder shoved into another file folder that falls when that file is being removed does not constitute a dangerous condition so as to impose liability on [the appellee]." We conclude that this legal determination was error. Unquestionably, under the facts presented, the appellee owed Mrs. Klaue a duty to maintain its medical records department where she worked in a reasonably safe condition. See, e.g., Ahl v. Stone Southwest, Inc., 666 So.2d 922 (Fla. 1st DCA 1995) (explaining the duties a landowner owes an invitee).[1] In line with this duty, it had the responsibility of insuring that its *935 employees use reasonable care in reshelving medical files. See Hudge v. Xtra Super Food Ctrs., Inc., 677 So.2d 405 (Fla. 3d DCA 1996) (store owed deliveryman duty to use reasonable care in stacking boards in area where he was delivering merchandise). Under Florida law, the issue of whether the appellee breached this duty was improperly resolved by the trial court because the question of whether a business entity was negligent in stacking items on a shelf at a particular height, in a particular manner, and at a particular location thus causing a dangerous condition to exist is a jury question. See Valdes v. Faby Enters., Inc., 483 So.2d 65 (Fla. 3d DCA), review dismissed, 491 So.2d 278 (Fla.1986); Frison v. Winn-Dixie Stores, Inc., 407 So.2d 389 (Fla. 3d DCA 1981). Moreover, given the unrefuted testimony of Mrs. Klaue, genuine issues of material fact remain unresolved regarding whether the appellee's employees, whom the record demonstrates bore the sole responsibility for reshelving and arranging files which had been copied, used reasonable care in reshelving the "falling file" that set in motion the chain of events which were alleged to have been the proximate cause of Mrs. Klaue's injuries and Mr. Klaue's loss of consortium. See Hudge, 677 So.2d 405; cf. Navison v. Winn and Lovett Tampa, Inc., 92 So.2d 531 (Fla. 1957).
We also conclude that to the extent the trial court's ruling determined as a matter of law that the appellee's alleged conduct did not proximately cause Mrs. Klaue's injuries and Mr. Klaue's loss of consortium because of the absence of evidence establishing the element of foreseeability, such a determination in light of this record was likewise erroneous. In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), which the appellee cited to us, the supreme court addressed the legal concept of foreseeability as an essential component of proximate cause. It explained that "harm is `proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context." Id. at 503 (footnote omitted). Within this context, the court noted, "it is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent" and "[i]n such instances, the true extent of the liability would remain questions for the jury to decide." Id. (emphasis in original).
The court further explained, on the other hand, that "an injury caused by a freakish and improbable chain of events would not be `proximate' precisely because it is unquestionably unforeseeable," and determined, therefore, that "[t]he law does not impose liability for freak injuries that were utterly unpredictable in light of human experience." Id. It thus noted the trial court's discretion to remove the issue of proximate causation from the jury if "after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm." Id. at 503-504 (quoting from Restatement (Second) of Torts § 435(2) (1965)). The court observed, however, that a trial court's freedom to take the issue of proximate causation from the fact-finder is limited to a situation "where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference." Id. at 504 (emphasis added). It concluded, therefore, that "where reasonable persons could differ as to whether the facts establish proximate causationi.e., whether the specific injury was genuinely foreseeable or merely an improbable freak then the resolution of the issue must be left to the fact-finder." Id. (emphasis in original).
The supreme court recently revisited the issue of foreseeability in the context of proximate causation in Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla.1997). In that case, it determined that there were genuine issues of material fact regarding whether the defendants knew or should have known of the alleged "unsafe condition." Id. at 165. The court concluded, therefore, that the trial court erred in granting the defendants' motion for summary judgment because there was sufficient record evidence "to justify a reasonable person in believing *936 that [the defendants] breached their duty and that the breach was the proximate cause of the injury [the plaintiff] suffered." Id. In reaching this conclusion, the court relied on McCain and reiterated that although the "issue of foreseeability as it pertains to proximate cause may be decided as a matter of law," nevertheless, a "court should grant summary judgment on this issue only when it determines that no reasonable person could differ in concluding the accident was unforeseeable." Id. (emphasis added).
We pause at this juncture to note our uncertainty as to whether by the use of the language we have emphasized from Hammond, the supreme court consciously intended to shift the focus of foreseeability within the context of proximate causation from "specific injury" to "accident." If it did, then it would appear that the court has relaxed the test for proximate cause because from the perspective of human experience prudent human foresight can more readily predict the occurrence of a harmful event caused by a negligently created "unsafe condition" as distinguished from the more problematical task of being able to foresee a specific injury arising from the happening of such an event.[2] However, because it is not our role to evaluate whether the supreme court in Hammond intended to overrule the "specific injury" focus of McCain without a clear pronouncement to that effect, and because the court in Hammond expressly relied on McCain, we must adhere to McCain in deciding this case. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Applying the principles of McCain to the record before us, we determine that reasonable persons could differ in deciding whether the appellee could have genuinely foreseen that its alleged conduct of negligently reshelving the file folder which fell and struck Mrs. Klaue on the forehead would have resulted in her becoming surprised and startled, thus causing her to lose her balance, fall to the floor, and injure herself. Cf. Hoitt v. Lee's Propane Gas Serv., Inc., 182 So.2d 58 (Fla. 2d DCA) (issue of whether defendant could have foreseen that its exploding propane truck in restaurant parking lot would startle waitress inside restaurant into running and then colliding with another restaurant employee causing her to be knocked down and injured was for jury and should not have been resolved in favor of defendant by summary judgment), cert. denied, 188 So.2d 816 (Fla.1966). In our view, it certainly is not beyond the realm of common human experience for one who maintains exclusive control over the reshelving of business files to be able to predict that files negligently reshelved above eye level will come cascading down upon an unsuspecting office worker, thus unleashing an uninterrupted and interconnected startling-induced chain of events which causes injury to that worker, even though, as McCain emphasized, such a person "could not foresee the precise manner in which the injury occurs or its exact extent." Id. at 503 (emphasis in original).
We conclude, therefore, that the record fails to demonstrate conclusively that all reasonable people would come to the unequivocal conclusion that Mrs. Klaue's injuries were not proximately caused by the appellee's alleged conduct but instead were the product of a highly extraordinary and improbable freakish chain of events which prudent human foresight could not predict would result in the injuries she allegedly suffered. Thus, the trial court, in light of this record, was not free to decide the issue of proximate causation as a matter of law because the evidence supported differing reasonable inferences as to that issue.[3]
*937 Accordingly, because the appellee has failed to sustain its heavy burden of showing conclusively that the appellants cannot prove their negligence-based case as a matter of law, we must reverse the trial court's entry of summary final judgment and remand this case for further proceedings. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995).
Reversed and remanded for further proceedings.
PATTERSON, A.C.J., and BLUE, J., concur.
NOTES
[1] We note that the appellee has never disputed Mrs. Klaue's status as an invitee on its premises nor the duty it owed to her in that capacity.
[2] In Butala v. Automated Petroleum and Energy Co., 656 So.2d 173 (Fla. 2d DCA 1995), decided after McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), we discussed this distinction from a jury's viewpoint. We explained in that case the importance of understanding "that the difficult factual question of foreseeability for the jury in most cases is not whether it was foreseeable that injury would be caused by the act of negligence, but rather whether the defendant's act was negligent because the specific event causing harm was sufficiently foreseeable that the defendant reasonably needed to take steps to avoid or prevent the event." 656 So.2d at 176 (emphasis added).
[3] Obviously, if we were to conclude that Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla.1997), did establish a new and more relaxed test of foreseeability within the realm of proximate causation, then the trial court's ruling becomes even more untenable as a matter of law.