707 So.2d 761 (1998)
Nancy R. SAWYER, Appellant,
v.
ALLIED INTERNATIONAL HOLDINGS, INC., a Florida corporation, Appellee.
No. 97-01148.
District Court of Appeal of Florida, Second District.
January 9, 1998.
*762 John F. McCue of Richard Mulholland & Associates, Tampa, for Appellant.
F. Robert Radel, II, and Amanda C. Kaiser of Butler, Burnette & Pappas, Tampa, for Appellee.
PER CURIAM.
Nancy R. Sawyer appeals a final summary judgment in favor of defendant Allied International Holdings, Inc. (Allied). We reverse.
In 1995, Ms. Sawyer was an employee of Florida Travel Network, a business which is located on the second floor of a two-story building owned by Allied. Ms. Sawyer's duties as an employee included taking out the trash which required her to exit her office and proceed down an outside stairway. Allied admits possession and control of the premises, including the stairway.
On January 10, 1995, Ms. Sawyer was engaged in taking the trash out when she fell down the stairway injuring herself. At the time of Ms. Sawyer's fall, the stairway was not lighted. There was an outside light fixture near the stairway, but it was not illuminated because the bulb had burned out. Allied was on notice that the stairway was not lighted and had been requested to replace the bulb.
In moving for summary judgment, Allied did not raise any issue as to whether it breached its duty to Ms. Sawyer by not providing adequate lighting on the stairway, but merely disputed causation. Allied argued that it was entitled to summary judgment because Ms. Sawyer could not identify the cause of her fall. Allied directed the court's attention to Ms. Sawyer's deposition wherein she testified that she had "no clue" as to why she fell.
The court granted the motion and entered final summary judgment in favor of Allied. The court determined that it would be improper to infer a causal connection between the illumination of the stairway and Ms. Sawyer's fall, where Ms. Sawyer herself failed to assert any causal connection in her deposition. The court further stated that the motion for summary judgment would have been denied if Ms. Sawyer had indicated that she fell because it was dark.
On appeal, Ms. Sawyer argues that it is unrefuted that the stairway was dark at the time she fell and that she was descending the stairway in a safe manner. Further, she points out that she did testify that she thought she may have slipped on something, but that it was too dark to determine what it was. Therefore, she argues that the dark conditions caused by the defendant's negligence, contributed to, if not caused, her fall.
We reverse the summary judgment because genuine issues of material fact remain *763 unresolved regarding causation. See Moore v. Morris, 475 So.2d 666 (Fla.1985); Klaue v. Galencare, Inc., 696 So.2d 933 (Fla. 2d DCA 1997). Proximate cause questions generally must be resolved by the trier of fact based on all the facts and circumstances presented. See Helman v. Seaboard Coast Line R.R. Co., 349 So.2d 1187, 1189 (Fla. 1977); Leib v. City of Tampa, 326 So.2d 52, 53 (Fla. 2d DCA 1976).
In the context of a motion for summary judgment, it is well settled that doubts and inferences must be resolved against the mover. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531, 533 (Fla. 2d DCA 1959). Thus, the facts here indicate that we have a prima facie case of negligence on the part of Allied in not maintaining the lighting on the stairway. Further, the facts indicate that Ms. Sawyer suffered significant injuries in her fall.
In such situations, the jury should be given the opportunity to weigh the evidence and, without speculating, to draw reasonable inferences to determine whether the defendant's negligence was a proximate cause of the plaintiff's injuries. See Majeske, 117 So.2d at 533-34. Accordingly, the summary judgment is reversed and the cause is remanded for a jury trial.
Reversed and remanded.
PARKER, C.J., and PATTERSON and NORTHCUTT, JJ., concur.