714 So.2d 577 (1998)
WAL-MART STORES, INC., Appellant,
v.
Sheila ROGERS and Moses Rogers, Appellees.
No. 97-4279.
District Court of Appeal of Florida, First District.
July 1, 1998.
Jeffrey P. Gill and Christopher R. Johnson of Bridgers & Gill, Pensacola, for Appellant.
Michael A. Jones, Niceville, for Appellees.
WEBSTER, Judge.
Appellant (Wal-Mart) seeks review of an adverse final judgment, entered pursuant to a jury verdict, in a negligence action. It argues that reversible error occurred when the trial court (1) denied its motion for a directed verdict; (2) instructed the jury on the doctrine of res ipsa loquitur; (3) refused to grant a new trial notwithstanding improper comments made by opposing counsel during closing arguments; and (4) denied its motion for remittitur. We conclude that an instruction on the doctrine of res ipsa loquitur was improper given the facts of the case. Accordingly, we reverse and remand for a new trial.
Appellee Sheila Rogers (Mrs. Rogers) filed suit against Wal-Mart, claiming that she had been injured as the result of Wal-Mart's negligence while shopping in one of the company's stores. Wal-Mart responded by denying that it had been negligent, and asserting that Mrs. Rogers had, herself, been negligent.
At trial, Mrs. Rogers testified that she went to a Wal-Mart store to purchase various items. She was accompanied by her four-year-old grandson, whom she placed in the child seat of a cart. While in an aisle of *578 the toy department, she was injured when a toy radio fell from the hook or peg on which it had been hanging, hitting her nose. According to Mrs. Rogers, the hook from which the radio had fallen was beyond her reach (she is approximately five feet one inch tall). She said that there were so many radios hanging from the hook that she could not have rehung the one that had fallen had she tried. She also said that she did nothing to cause the radio to fall. It is undisputed that Mrs. Rogers suffered a septal hematoma and a fractured septum as the result of the incident.
Wal-Mart moved for a directed verdict, arguing that no evidence had been presented to establish either that it had created a dangerous condition or that it had had actual or constructive knowledge that a dangerous condition existed. On appeal, Wal-Mart contends that the trial court committed reversible error when it denied the motion for a directed verdict. We disagree. We believe that Mrs. Rogers' testimony regarding the number of radios which were hanging from the hook was sufficient to permit the jury to find that Wal-Mart had placed too many radios on the hook, creating a dangerous condition. See e.g., Klaue v. Galencare, Inc., 696 So.2d 933, 935 (Fla. 2d DCA 1997) ("whether a business entity was negligent in stacking items on a shelf in a particular manner, and at a particular location thus causing a dangerous condition to exist is a jury question"); Harrell v. Beall's Dep't Store, Inc., 614 So.2d 1142 (Fla. 2d DCA 1993) (whether a department store created a dangerous condition by the manner in which it mounted a display rack is a jury question). Accordingly, the trial court correctly denied Wal-Mart's motion for a directed verdict.
During the charge conference, Mrs. Rogers' attorney requested an instruction on the doctrine of res ipsa loquitur. Over Wal-Mart's objection, the trial court instructed the jury:
If you find that the circumstances of the occurrence were such that, in the ordinary course of events, it would not have happened in the absence of negligence, and that the instrumentality causing the injury was in the exclusive control of the Defendant at the time it caused the injury, you may infer that the Defendant was negligent unless, taking into consideration all of the evidence in the case, you conclude that the occurrence was not due to any negligence on the part of the Defendant.
This was error.
A trial court should give a requested instruction on a party's theory of the case only when the theory is supported by competent evidence. Phillips v. Parkside of Fountainbleau Condominium Ass'n, 634 So.2d 1101 (Fla. 3d DCA 1994). In Goodyear Tire & Rubber Co. v. Hughes Supply, Inc. 358 So.2d 1339, 1341-42 (Fla.1978), the court said:
Res ipsa loquitur"the thing speaks for itself"is a doctrine of extremely limited applicability. It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.
(Emphasis added and footnotes omitted.) Here, the only evidence was that the radios and the hook from which they hung were not under the exclusive control of Wal-Mart. Rather, they were displayed in the store, accessible to customers. Accordingly, the charge should not have been given. See, e.g., Monforti v. K-Mart, Inc., 690 So.2d 631 (Fla. 5th DCA), review denied, 699 So.2d 1374 (Fla.1997) (holding that the trial court had correctly denied a request for a res ipsa loquitur instruction because a shelf on which boxes of file folders which fell on plaintiff had been stacked was accessible to customers and, therefore, not in the exclusive control of the defendant department store).
By giving the instruction on res ipsa loquitur, the trial court permitted the jury to find that Wal-Mart was negligent even if it did not believe that Mrs. Rogers had proven *579 her case by direct evidence, thereby greatly reducing Mrs. Rogers' burden. See Wolpert v. Washington Square Office Center, 555 So.2d 382 (Fla. 3d DCA 1989) (res ipsa loquitur eliminates the plaintiff's burden in a tort case to prove the defendant's negligence by direct evidence). Therefore, the error cannot be said to have been harmless.
Because the trial court erroneously instructed the jury on the doctrine of res ipsa loquitur, we reverse and remand for a new trial on liability and damages. In light of this holding, we find it unnecessary to address the remaining issues raised by Wal-Mart.
REVERSED and REMANDED, with directions.
LAWRENCE, J. and SHIVERS, DOUGLASS B., Senior Judge, concur.