738 So.2d 1015 (1999)
Darlynn P. EVERETT and Norman Everett, Appellants,
v.
RESTAURANT AND CATERING CORPORATION d/b/a Peter's La Cuisine, Appellee.
No. 97-05426.
District Court of Appeal of Florida, Second District.
August 6, 1999.
Thomas M., Pflaum, Micanopy, and Bruce L. Scheiner, Fort Myers, for Appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee.
PER CURIAM.
Darlynn and Norman Everett ("the Everetts") appeal the trial court's judgment in favor of Restaurant and Catering Corporation d/b/a Peter's La Cuisine ("the restaurant"). The issue before the court is whether the Everetts presented sufficient evidence to defeat the attack of the restaurant's motion for a directed verdict. We find that the Everetts presented such evidence and accordingly reverse the trial court's judgment.
"Only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict is a directed verdict proper." Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074, 1075 (Fla. 5th DCA 1980). The trial court must evaluate the evidence presented in the light most favorable to the plaintiffs *1016 and must give the plaintiffs the benefit of every reasonable inference that may be deduced from the evidence. See American Motors Corp. v. Ellis, 403 So.2d 459, 467 (Fla. 5th DCA 1981).
Turning to the instant case, the testimony presented at trial showed that Mrs. Everett and a group of her friends were patrons of the restaurant. After seating these customers, the waiter approached the table and removed a wood-framed chalkboard containing the restaurant's menu from a ledge immediately above Mrs. Everett's head. The waiter walked around the table to show each of the customers the menu board. The waiter then returned the board to the ledge. While the ladies were waiting, the board toppled from the ledge, striking Mrs. Everett on the back of the head and driving her head into the table. The Everetts' lawsuit alleged that the restaurant negligently created or maintained a dangerous condition that resulted in Mrs. Everett's injuries and the loss of consortium to Mr. Everett.
An owner/operator owes a business invitee the duty to use reasonable care in maintaining the premises in a reasonably safe condition. See Berman v. Weberman Caterers, Inc., 647 So.2d 1068 (Fla. 3d DCA 1994); Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 1st DCA 1985). The Everetts' testimony showed that the restaurant directed and controlled the placement of the menu board on the ledge, the location of the tables, and the seating of the customers directly beneath the ledge and board. Whether the restaurant had actual or constructive knowledge of these conditions, and whether one or more of these conditions created a dangerous condition, thus violating the restaurant's duty of reasonable care, were questions for a jury to decide.
The Everetts need not show precisely what caused the board to fall. See Hudge v. Xtra Super Food Centers, Inc., 677 So.2d 405, 406 (Fla. 3d DCA 1996). Likewise, they are not required to produce direct evidence to negate the possibility that Mrs. Everett or one of her companions precipitated the falling of the board. See Harrell v. Beall's Dept. Store, Inc., 614 So.2d 1142, 1143 (Fla. 2d DCA 1993). Consequently, we hold that the trial court erred by directing a verdict.
Reversed and remanded for a new trial.
PARKER, A.C.J., ALTENBERND and DAVIS, JJ., Concur.