749 So.2d 529 (1999)
Arthur GRANT, Appellant,
v.
Roger THORNTON and The John Casey Trust No. 3645, Appellees.
No. 99-00746.
District Court of Appeal of Florida, Second District.
December 22, 1999.
*530 Gary R. Jodat and Kennedy Legler, III, Bradenton, for Appellant.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellees.
GREEN, Judge.
Arthur Grant timely appeals the trial court's order granting summary judgment in favor of appellees Roger Thornton and the John Casey Trust No. 3645. We reverse.
Grant filed a complaint seeking damages for personal injuries arising out of burns and lacerations he received as a result of exiting through the front window of his leased apartment that caught on fire. Grant sued Roger Thornton and the John Casey Trust No. 3645, as the lessors and owners of the rental apartment where the fire occurred. The complaint alleged that appellees had created a dangerous condition on the premises by negligently maintaining the front door which contained a double cylinder deadbolt, requiring a key to be used to exit from the inside, in violation of Manatee County building and fire codes. The answer admitted ownership of the premises but denied the material allegations of the complaint and asserted several affirmative defenses, including comparative negligence, a collateral source offset, and a counterclaim for property damage for the appellant having caused the fire.
The appellees filed a motion for summary judgment alleging that there was no disputed issue of material fact and that they were entitled to relief as a matter of law. A hearing was held on the summary judgment motion.
It was established that Grant and his girlfriend, Daisy Milner, resided at this residence since approximately January 19, 1995. Appellee Thornton is in the business of managing his own properties in Florida and Virginia and has been a realtor for thirty years. He delivered four keys to Daisy Milner when she leased the apartment and knew that the locking arrangement for the apartment doors was as described in the complaint.
In his deposition, Grant stated that on April 7, 1996, between approximately 5:15 a.m. and 5:30 a.m., he arrived at his residence and began cooking food on his stove. During the cooking process, Grant retired to his bedroom where he apparently fell asleep. He awoke to discover smoke and fire and realized that he must immediately exit the premises in order to avoid injury or death.
There were two exit doors which required keys to be used from the inside in order to be opened. Grant was unable to reach the keys to unlock the front door, due to the fact that they were in the kitchen and the fire was coming out of the kitchen and through the living room area. As a result of his inability to reach the keys and since he was under the impression that he was going to pass out and die, he leapt through a window in the living room area in order to escape the fire. He was thereby seriously injured.
*531 In his deposition, appellee Thornton testified that he rented the apartment to Grant and Daisy Milner and that the apartment is part of a duplex held in the name of John R. Casey as Trustee, of which Thornton and his wife are grantors. Generally, Thornton does not maintain the interior of the premises unless there is a tenant complaint. The duplex was built in about 1971, and Thornton had no way of knowing whether the premises were built in compliance with local codes and standards, as he had never reviewed the building or fire codes for Manatee County. He also stated that the duplex unit had never been cited for a code or ordinance violation.
In opposition to the summary judgment motion, Grant filed with the trial court a request to take judicial notice of certain rules and regulations promulgated in Manatee County. These rules and regulations are enumerated as follows:
1. Section 1012.1.7 of the Standard Building Code, 1997 Edition:
Required exit doors shall be operable from the inside without the use of a key, tool, special knowledge or effort. Manually operated flush bolts or surface bolts are prohibited. All hardware must be direct acting requiring no more than one operation. Double cylinder dead bolts, requiring a key for operation on both sides, are prohibited on required means of egress doors unless the locking device is provided with a key which cannot be removed when the door is locked from the inside.
2. Section 1026.4 of the Standard Building Code, 1997 Edition:
1026.4 Locks. A night latch, deadbolt or security device may be used on exit doors from a dwelling unit, hotel guest room or suite provided such devices are operable from the inside without the use of a key, tool, special knowledge or effort and the device is mounted at a height not to exceed 48 inches (1219 mm) above the finished floor.
3. Section 5-2.1.5.3 of the Life Safety Code, 7th Edition, N.F.P.A 101:
5-2.1.5.3 A latch or other fastening device on a door shall be provided with a knob, handle, panic bar, or other simple type of releasing device having an obvious method of operation under all lighting conditions. Doors shall be operable with no more than one releasing operation.
Charlie Gramlin, an employee of the Manatee County Building Department, stated in an affidavit that the above-referenced codes and regulations are followed in Manatee County and that, in his opinion, any door used for ingress and egress to a residential dwelling in which use of a key is necessary to exit from the inside to the outside would be in violation of said codes and regulations.
Section 83.51, Florida Statutes (1997), provides:
83.51 Landlord's obligation to maintain premises.
(1) The landlord at all times during the tenancy shall:(a) Comply with the requirements of applicable building, housing and health codes; or
(b) Where there are no applicable building, housing, or health codes, maintain the roofs, windows, screens, doors, floors, steps, porches, exterior walls, foundations, and all other structural components in good repair and capable of resisting normal forces and loads and the plumbing in reasonable working condition. However, the landlord shall not be required to maintain a mobile home or other structure owned by the tenant.
This provision has been said to create a statutory warranty of habitability. See Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985). Furthermore, Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981), represents the seminal case in which the court held that an owner of a residential dwelling unit, who leases the unit for residential purposes, has the duty to make certain that the dwelling is reasonably *532 safe for the tenant and corresponds to the statutory warranty of habitability.
In order to state a cause of action in negligence against a landlord, the injured tenant need only allege that the landlord had either actual or constructive knowledge of a dangerous code violation for a sufficient time to make a correction of the condition. See Siegel v. Deerwood Place Corp., 701 So.2d 1190 (Fla. 3d DCA 1997); Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985). It has also been held that a landlord's duty for negligent failure to repair a defective condition does not require that the condition be considered inherently dangerous. See Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985).
In granting summary judgment in the instant case, the trial court acknowledged that "[t]he applicable building codes prohibit the use of keys to unlock doors from the inside, which are used for ingress and egress." However, the trial court emphasized that the tenants had not notified appellees of the dangerous condition. See Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981). The trial judge also relied on the case of Fitzgerald v. Cestari, 569 So.2d 1258 (Fla.1990), which involved a sliding glass door which was not made of safety glass as required by a building code. The court there relieved the landlord of responsibility for the tenant's injury inasmuch as the glass composition was not readily discoverable through reasonable inspection by the landlord.
Here, Thornton not only knew of the locking system but provided the keys for its use. His defense is ignorance of the statute and county code pertaining to such locking systems. His explanation was that he had never reviewed the building codes and simply had no knowledge of the impropriety.
This court dealt with a similar situation involving alleged inadequate locks, contrary to the provisions of section 83.51, Florida Statutes, and held that it was the responsibility of the landlord to make reasonable provisions for adequate locks, even where a release was signed by the tenant. See Ray v. Tampa Windridge Assoc., Ltd., 596 So.2d 676 (Fla. 2d DCA 1991).
The overriding emphasis in the Ray case is that landlords and tenants are controlled by the provisions of chapter 83 of the Florida Statutes. We resolve any doubt by holding that ignorance of the law on the part of either the tenant Grant or landlord Thornton constitutes no defense with respect to the facts of this case. The failure of Thornton to comply with the Manatee County building code can be evidence of negligence.
Reversed and remanded.
BLUE, A.C.J., and DAVIS, J., Concur.