WARNER, J.,
dissenting.
This appeal is from a final judgment against a motel owner for injuries a law enforcement officer sustained while on the premises in his official capacity. The officer fell when exiting a motel room that opened onto a step. The complaint alleged that the owner breached his duty to plaintiff by failing to maintain the premises in a reasonably safe condition, failing to warn the plaintiff of a dangerous condition of which the owner knew or reasonably should. have known, and failing to construct the step in compliance with applicable building codes. The owner denied actual or constructive knowledge of the dangerous condition and further alleged that the condition was open and obvious.
At trial, the court refused the defense request to instruct the jury as to the duty of a landowner to an officer, in accordance with Standard Jury Instruction 3.5(f) and section 112.182(2), Florida Statutes (2000). Section 112.182(2) provides:
Property owners shall be liable to invitees pursuant to this section only when the property owner negligently fails to maintain the premises in a reasonably safe condition or negligently fails to correct a dangerous condition of which the property owner either knew or should have known by the use of reasonable care or negligently fails to warn the invitee of a dangerous condition about which the property owner had, or should have had, knowledge greater than that of the invitee.
In fact, the court did not instruct the jury on the issues of negligence.
The requested instruction taken from the statute and SJI 3.5(f) was appropriate. The trial court refused to give the instruction because it concluded that lack of notice of a building code violation was not a defense. While this may be accurate, see Grant v. Thornton, 749 So.2d 529, 532 (Fla. 2d DCA 1999), nevertheless a property owner has no duty to warn of an open and obvious condition which is not in itself dangerous, see Williams v. Madden, 588 So.2d 41, 43 (Fla. 1st DCA 1991). To be liable, a property owner must still have superior knowledge, either actual or constructive, to the plaintiff concerning any dangerous conditions on the property. See Lynch v. Brown, 489 So.2d 65, 66-67 (Fla. 1st DCA 1986). Moreover, it is an issue for the jury as to whether the condition was dangerous, see, e.g., Everett v. Rest & Catering Corp., 738 So.2d 1015, 1016 (Fla. 2d DCA 1999), but the jury in this case received no instruction on this issue. The requested instruction accurately stated the issues and was consistent with the pleadings. I would reverse for a new trial.